### John Hemmens v. Maria Bentley.

*Judgments: Statutory holidays: Rendition of judgment: Judicial act: Holding court.* The rendition of judgment by a justice of the peace is a judicial act for the performance of which it is necessary to hold court, and is therefore forbidden on a statutory holiday by the statute (*Comp. L. 1871, § 1559*) providing that certain specified days shall be treated and considered, for all purposes of holding courts, as is the first day of the week; and a judgment so rendered is void.

*Evidence: Re-examination: Discretion.* It is within the discretion of the court to permit any question to be asked on redirect examination which it was proper to have admitted on the examination in chief.

*Evidence: Prohibitory liquor law.* In an action by a wife to recover moneys paid by her husband to defendant for intoxicating liquors, it is held not error for the plaintiff to ask the husband, who has testified as a witness for the plaintiff, to having spent moneys in the saloon kept by defendant and in other saloons: "What was your practice in visiting defendant's saloon and other saloons,—what proportion?" The object evidently was to endeavor to draw out some information what proportion of the moneys he testified he had expended for liquors had been paid to defendant.

*Heard April 27.    Decided April 30.*

Error to Macomb Circuit.

*Hubbard & Crocker*, for plaintiff in error.

*Edgar Weeks*, for defendant in error.

COOLEY, J:

The defendant in error sued Hemmens to recover under the statute (*Comp. L., ch. 69*) for moneys paid to the latter by the husband of the former in the purchase of intox-

icating drinks. The principal question in the case is, whether a previous suit between the same parties was not a bar to this. The circuit court held it to be no bar.

It seems to have been made out that the previous suit was for the same cause of action. It was brought before a justice of the peace, and was tried without a jury, February 21st, 1874. The justice states in his docket, that after hearing the proofs "thereupon the court took till the 23d day of February, 1874, at ten o'clock A. M., to render his decision at his office in Clinton. February 23d, 1874, ten o'clock A. M., cause called and parties appeared, and I, the said justice, do decide and determine that the above named plaintiff has no cause of action against said defendant, and judgment is hereby rendered in favor of the said defendant and against the said plaintiff for the sum of forty-seven cents and costs of suit." This judgment the plaintiff treated as void, and proceeded to institute the present suit.

The decision must turn upon the statute of 1871 (*Comp. L.*, § *1559*) which provides that certain days, among them the twenty-second day of February, "shall, for all purposes whatsoever, as regards the presenting for payment or acceptance, and of the protesting and giving notice of the dishonor of bills of exchange, bank notes and promissory notes, made after this act shall take effect, also for the holding of courts, be treated and considered as is the first day of the week commonly called Sunday: *Provided*, That in case any of said holidays shall fall upon a Sunday, then the Monday following to be considered as the said holiday"— with other provisos not important here. In 1874, the 22d day of February fell upon Sunday.

It is contended on behalf of Hemmens that the mere rendition of a judgment by a justice in a case previously tried is not in contemplation of the statute the holding of a court, inasmuch as the parties are under no obligation to attend. Also that if the justice could not properly render judgment on the 23d, as he did, it was an irregularity merely, and not a void act, and advantage should have been taken

of the error by appeal or on *certiorari.* Whether either of these positions is tenable would seem, under the statute, to depend upon whether it might be sustained if the day had been Sunday, instead of a day which by the statute is to "be treated and considered as is" Sunday. The purpose to put them upon the same footing is clearly manifest in the statute.

But had the day been Sunday, it cannot be doubted that the act of rendering a judgment would have been a void act. *Swann v. Broome, Burr., 1595,* is a direct authority on this point.—See also, *Fox v. Abel, 2 Conn., 541; Pearce v. Atwood, 13 Mass., 324, 347; Story v. Elliot, 8 Cow., 28.* It is clearly a judicial act, and it is necessary to hold a court in order to perform it. And being void, no one was under obligation to regard it.

The only other error relied upon relates to a question put to plaintiff's husband, who was made a witness on behalf of the plaintiff in the present suit. He had been examined in chief, and had testified to having spent moneys in the saloon kept by Hemmens, and in other saloons, and to have become intoxicated. After having been cross-examined, he was then asked on re-examination: "What was your practice in visiting defendant's saloon and other saloons,—what proportion?" This was objected to as not proper re-examination. The object evidently was to endeavor to draw from the witness some information what proportion of the moneys he testified he had expended for liquors had been paid to Hemmens. It was perhaps a somewhat liberal practice that allowed the question to be put, but if it was proper on the examination in chief, it was within the discretion of the circuit judge to permit it to be put when he did.

We find no error in the judgment, and it must be affirmed, with costs.

The other Justices concurred.