LAMPE VS. MANNING.

*Trial and judgment on holiday void.*

1. Under the statutes of this state (Laws of 1861, chaps. 58 and 243) courts are prohibited from transacting ordinary civil business on the 22d of February, or on the day following when the 22d falls on Sunday.
2. Apart from such express prohibition, a court has no authority to hear causes and render judgments therein on a legal holiday; and the objection cannot be waived by an apeal from such a judgment.

APPEAL from the Circuit Court for *Iowa* County.

The action was brought before a justice of the peace. Issue was joined February 16, 1874, and the cause adjourned, on motion of defendant, to February 23, 1874 (which was Monday), on which day the cause was tried and judgment rendered therein for the plaintiff. On the same day the defendant filed the requisite papers with the justice for an appeal to the circuit court; but a few days later he withdrew them, and removed the cause to the circuit court by *certiorari.* That court affirmed the judgment of the justice, and defendant appealed from the judgment of affirmance.

*Reese & Carter*, for appellant, to the point that the justice's judgment was void, because the day of trial was a legal holi-

day, cited Tay. Stats., 836, §§ 12, 13, and 1342, § 20; Freeman on Judgm., p. 114, § 38, and cases there cited; *Wearne v. Smith*, 32 Wis., 414; *Pulling v. The People*, 8 Barb., 384; *Butler v. Kelsey*, 15 Johns., 177.

*J. P. Smelker*, for respondent, argued that courts may transact business on any holiday, even on Sunday, unless prohibited by statute (*Sayles v. Smith*, 12 Wend., 57), and that our statutes prohibit their doing so on the 22d of February or 4th of July (Laws of 1861, ch. 58, sec. 2; Tay. Stats., 1342), but do not extend the prohibition to any other legal holiday : that the statute would be construed strictly, if necessary to sustain the jurisdiction (*Howard v. Mansfield*, 30 Wis., 75), but that the language was plain and unambiguous, and courts will not insert words to extend the prohibition. *Harrington v. Smith*, 28 Wis., 43 et seq. ; *Ogden v. Glidden*, 9 id., 46 ; *Mundt v. R. R. Co.*, 31 id., 451. 2. The defendant appeared by attorney, called for a jury, and took part in the trial, thus consenting to the jurisdiction. He also filed appeal papers, and thus recognized the judgment as valid. *Barnum v. Fitzpatrick*, 11 Wis., 81.

LYON, J. The day on which the cause was tried and judgment rendered, was a legal holiday (Laws of 1861, ch. 58 and ch. 243), and hence was, as the term *holiday* imports, *dies non juridicus*. Such being the case, the court had no authority to hear the cause and render judgment on that day, and would not have had authority to do so, even though the express prohibition contained in sec. 2 of ch. 58, *supra*, had been omitted from the statute.

But were this otherwise, the reasonable interpretation of that section is, that when the 22d of February falls on Sunday the prohibition therein extends to the day following, which, in such case is the holiday, instead of the 22d. The plain intention of the legislature was to prohibit courts from transacting ordinary civil business on the 22d of February or on the day which, in a certain contingency, is to be observed as the 22d.

Lampe vs. Manning.

The justice having no authority in the premises, the judgment which he rendered is void, and is not aided by the filing of appeal papers. That proceeding may have constituted such an appearance by the defendant as would have supplied a previous want of jurisdiction of his person; but the fault in the justice's judgment lies deeper than that. There was an absolute want of authority to hear the cause and render the judgment, and it is not a case to which the doctrine of waiver can properly be applied. For that day the justice had no jurisdiction either of the person of the defendant or the subject matter of the action for the purposes of trial and judgment, and all that he did in the cause on that day was *coram non judice.*

The judgment of the circuit court must be reversed, and the cause remanded with directions to that court to reverse the judgment of the justice.

*By the Court.* — It is so ordered.