## Case No. 18,052.

### In re WORTHINGTON.

[14 N. B. R. 388; 3 Cent. Law J. 526; 8 Chi. Leg. News, 362; 14 Alb. Law J. 153.] [1]

District Court, W. D. Wisconsin. July 15, 1876.[2]

HOLIDAY—DOCKETING OF JUDGMENT—APPEARANCE —SUMMARY PROCEEDING.

1. The docketing of a judgment on a day that is declared a holiday by statute is void, and confers no lien, for the term holiday imports dies non juridicus.

2. When a party voluntarily appears and moves for the enforcement of a pretended lien, the district court thereby acquires jurisdiction to proceed and dispose of the whole matter in a summary way.

In bankruptcy.

Jenkins, Elliot & Winkler, for judgment creditors.

H. M. Lewis, and Cary & Cotrell, for assignee.

HOPKINS, District Judge. This is an application of Charles E. Storm and others, judgment creditors of the bankrupt, for an order directing the assignee to sell certain real estate of the bankrupt, situate in the county of Wood, and to apply the proceeds upon their judgment, and for leave to prove, as unsecured creditors, any balance that re-

1 [Reprinted from 14 N. B. R. 388, by permission. 14 Alb. Law J. 153, contains only a partial report.]

2 [Reversed in Case No. 18,051.]

mains upon the judgment after applying said proceeds thereon. They show in their petition that on the 24th of December, 1874, they recovered judgment against the bankrupt for three thousand four hundred and sixty-four dollars and eleven cents in the circuit court of Milwaukee county, and that on the 25th day of December a transcript was filed, and the judgment docketed in Wood county, and they claim that thereby it became a lien upon the real estate of the bankrupt situate in that county. They represent that the real estate in Wood county, which they want sold, is not of sufficient value to pay their judgment, and pray that the assignee may be directed to sell it free of the lien, and to pay the proceeds to them, and that they be allowed to prove up the deficiency as an unsecured debt. The assignee opposes the granting the order, on the ground that the judgment is not a lien on the bankrupt's real estate in Wood county, for the reason that it was docketed there on the 25th day of December, which is, by the statute of this state, declared to be a legal holiday. Laws 1862, c. 248.

This raises the question as to the operation of a statute declaring a certain day a holiday. The act does not in terms prohibit any act from being done on that day; it simply declares that the day shall be a holiday. Does that make the official act of the clerk in docketing the judgment on that day, void? For only upon that ground can this court consider the question. If it is voidable, the party must go to the state courts for redress. The question is settled in Lampe v. Manning, 38 Wis. 673. It seems to me that the clerk had no authority to docket the judgment on that day, and, if not, the entry was void, and no lien was created thereby. The court there holds that the term "holiday" imports dies non juridicus, and that no authority exists on that day to do any official act, although no express prohibition is contained in the act. That a prohibition is implied in the term holiday. This is a decision of the state court upon the effect of the statute, and it may be unnecessary for this court to go further in search of authorities to support it. If declaring the 25th of December to be a legal holiday, ipso facto, made it no day in law, we are to look to the common law to see what acts, if any, could be performed on such days.

Sunday, at common law, was regarded as a dies non juridicus. In Bedoe v. Alpe, W. Jones, 156, the court says that Sunday was not a dies juridicus for the awarding of any process, nor for entering any judgment of record. Van Vechten v. Paddock, 12 Johns. 178. Lord Coke, in Mackalley's Case, 9 Coke, 66a, took a distinction between judicial and ministerial acts, performed on that day; but in Hoyle v. Cornwallis, 1 Strange, 387, that distinction was overruled, so that, at common law, both ministerial and judicial acts

were prohibited on such days. Now, by adopting the decision of the supreme court as the authoritative interpretation of the act, it follows that the entering of the judgment on that day was void, and hence no lien was created thereby. See, also, for a further discussion of this question, Story v. Elliot, 8 Cow. 27; Hoghtaling v. Osborn, 15 Johns. 119; Butler v. Kelsey, Id. 177.

If the judgment was a lien, it is preserved by the bankrupt law [of 1867; 14 Stat. 517], and it is the duty of this court to protect it as such. But, in determining that question, we have to look to the state statutes, and the construction placed upon them by the state courts, and if by those the judgment is a valid lien, it is our duty to give it its full force and operation. The filing of the transcript and docketing of the judgment in Wood county were necessary to give a lien on the bankrupt's real estate in that county (2 Taylor's St. p. 1509, §§ 61, 62), and such filing and docketing having been on the 25th of December, they were not legally done, and must be regarded a nullity, which leaves the petitioners, as to those lands, in no better situation than any other creditor of the bankrupt. As the entry constitutes an apparent cloud on the title they should cause a cancellation of the docket entry, so as to remove the colorable lien created thereby. The assignee is therefore ordered to sell the real estate in Wood county free of any lien of the petitioners, by virtue of the said judgment, and to hold the proceeds for distribution among all the unsecured creditors; and, in order to further protect the purchaser or purchasers thereof from the assignee, I shall direct that an injunction issue out of this court perpetually enjoining and restraining the petitioners, and their attorneys and agents, from selling or offering to sell such real estate, or any portion, by virtue of said judgments, or from enforcing, or attempting to enforce, the same upon said real estate.

The petitioners having voluntarily appeared and moved the court to enforce the pretended lien, the court thereby has acquired jurisdiction to proceed and dispose of the whole matter in this summary way, which it could not have done upon summary petition of assignee. But the authorities hold, that although a party claiming an adverse interest cannot be brought in by petition by assignee, in a summary way, to have the claim determined, that such claimant may voluntarily come in by petition, and submit his claim to the decision of the court, without resorting to the form of a plenary action. The petitioners have leave to prove for the full amount of the judgment being valid, for aught that appears to the court now, the lien on real estate in Wood county alone being void. An order and injunction will be issued in accordance with this opinion.

[This decision was reversed by the circuit court in Case No. 18,051.]