JOSEPH H. POOR *vs.* WILLIAM BEATTY and others.

Cumberland.    Opinion January 18, 1887.

*Fast Day.    Poor debtor's bond.    Damages.    R. S., c. 113, § 40.*

Justices to hear a poor debtor's disclosure can not be selected on Fast-day.

In a suit upon a poor debtor's bond where there is no defence, the plaintiff is
entitled to recover the amount of his execution, costs and fees of service,
with interest, as provided in R. S., c. 113, § 40.

*Foss* v. *Edwards*, 47 Maine, 145, overruled.

ON REPORT from superior court.

This was an action of debt on bond, and was submitted on
report to the law court on the following agreed statement of facts :

" The bond in suit is dated November 3, 1884, being in the
usual form of a poor debtor's bond, given under arrest on
execution.

"The writ is dated June 10, 1885, and was entered at the
September term, 1885.    Ad damnum, three hundred dollars.

" On the twenty-fifth day of March, A. D. 1885, the Governor
of Maine, by his proclamation of that date, appointed Thursday,
April 23, 1885, as the day of the annual fast, and thereafterwards,
on the fourth day of April, 1885, publicly proclaimed the same
in the usual manner, by causing said proclamation to be published
in the papers of that date.

" On the seventh day of April, 1885, William Beatty, the
principal in said bond, notified the plaintiff by citation of that
date, in usual form, that he would submit himself to examination
and take the oath prescribed in the thirtieth section of chapter
113 of the Revised Statutes, on Thursday, April 23, 1885, at
eight o'clock, at the office of J. D. Anderson, at Gray, Maine.

" On said twenty-third day of April, said William Beatty
appeared at the time and place aforesaid, and selected a justice
to hear his disclosure, that after waiting the usual time for the
creditor to appear in person or by attorney to select a second
justice, and his failure so to do, a second justice was chosen by
an officer duly qualified thereto, and said two justices, chosen

as aforesaid, met and organized on said day for the purpose of hearing the disclosure of said William Beatty, and immediately thereafter adjourned to the next day, Friday, April 24th; that on said twenty-fourth day of April, said justices met in accordance with said adjournment, heard the disclosure of said debtor, and administered to him said oath, and gave him a certificate of discharge in the usual form.

" Under the above statement of facts, the plaintiff claims that said justices had no jurisdiction, that said disclosure is no defence to this suit on the bond, and that he is entitled to judgment, damages to be assessed in the amount of the debt, costs and interest.

" Defence claims that said disclosure is a defence to this suit, and that they are entitled to judgment.

" The law court, to determine the liability of said defendants, if any, and establish the rule of damages, which are to be assessed at *nisi prius* in accordance with said opinion, if defendants are liable."

*Frank and Larrabee*, for the plaintiff, cited: R. S., c. 77, § 48; *Estes* v. *Mitchell*, 14 Allen, 156; *Mann* v. *Mirick*, 11 Allen, 29; *Hackett* v. *Lane*, 61 Maine, 31; *Perry* v. *Plunkett*, 74 Maine, 328.

*Symonds and Libby*, for the defendants.

All the proceedings were regular and in accordance with law, and were a complete performance of one of the conditions of the bond, if it was lawful to make the fifteen days' notice returnable on Fast-day, and for the justices to assemble on Fast-day and then adjourn till the next day to hear and complete the disclosure. We submit that there is nothing in the statutes of this state which prevents a poor debtor from disclosing on Fast-day to save the penalty of his bond, and nothing which prevents the justices from meeting on that day and adjourning the proceeding until the next day. The provision in R. S., c. 77, § 48, does not purport to apply to trial justices or to any proceedings under R. S., c. 113, relating to the disclosure of poor debtors. There is nothing in R. S., c. 83, relating to the proceedings of trial justices in civil actions which forbids their holding court on

Fast-day, and section 18 of that chapter implies that for certain purposes, justices' courts may be open on all days except Sunday, inasmuch as it provides that the appeal must be entered within twenty-four hours after the judgment, Sunday not included. Clearly, this provides for cases in which the court may be open on Fast-day, at least for the purpose of perfecting an appeal. The same is true of R. S., c. 113. Section 5 of that chapter provides that " The justices may adjourn from time to time if they see cause; but no such adjournments shall exceed three days in the whole, exclusive of Sunday." By section 28 of the same chapter, this provision of section 5, as to adjournments, is made applicable to disclosures in cases where bonds have been given like the one in suit in this action. The fair implication from this provision, we think, is that Sunday alone was excluded because on other days, like Fast-day and other legal holidays, the disclosure proceedings might legally go on.

In *Estes* v. *Mitchell*, 14 Allen, 156, it was held that a magistrate has no jurisdiction to discharge a poor debtor on Fast Day, but that was because there is in the Massachusetts General Statues a provision analogous to R. S., c. 77, § 48, which is applicable to the proceedings of magistrates in civil cases, while we claim that that section of our statutes has no reference to trial justices.

The defendants claim that the facts stated in the report afford a defence to the action, and that they are entitled to judgment. They moreover claim that in any event the case falls within the provisions of R. S., c. 113, § 69, in which only the real and actual damages are to be assessed. *Foss* v. *Edwards*, 47 Maine, 145.

WALTON, J. Justices to hear a poor debtor's disclosure can not be selected on Fast-day. Fast-day is classed among the *dies non juridicus*, and no court can be held on that day. If the time fixed for a court falls on Fast-day, the court is to stand adjourned till the next day. R. S., c. 77, § 48. This adjournment takes place by operation of law, and is not to be

made by the court itself. There is to be no court on that day. The statute declares that the next day shall be deemed the first day for all purposes. It is to be deemed the first day for the purpose of selecting the justices and organizing the court, as well as the hearing of the debtor's disclosure. It is quite as important a part of the proceedings. To meet and select the justices on Fast-day, would as clearly constitute an interruption of the proper observance of the day as if the whole proceedings were completed on that day. The presence of the parties or their attorneys would be necessary, and the presence of the magistrates, and perhaps it would be necessary to procure the attendance of an officer. Consultations must be had, notices given, and if the creditor should happen to live a considerable distance from the place appointed for the hearing, his time for the entire day might be consumed by these preliminary proceedings. We think the creditor can not be compelled thus to spend Fast-day. There is no necessity for it. If the time selected for the disclosure happens to fall on Fast-day, the whole proceedings are to stand adjourned till the next day by operation of law; and the next day, in the language of the statute, is to be deemed the first day "for all purposes,"—for the purpose of selecting the justices, as well as the hearing of the disclosure. The disclosure in this case having been had before justices selected on Fast-day, in the absence of the plaintiff, it constitutes no defence to the action; and the plaintiff is entitled to recover the amount of his execution, costs, and fees of service, with interest, as provided in the R. S., c. 113, § 40. The case relied upon by the defendants as establishing a different rule for the assessment of the damages, (*Foss* v. *Edwards*, 47 Maine, 145,) was expressly overruled in *Hackett* v. *Lane*, 61 Maine, 31.

> *Judgment for plaintiff. Damages*
> *to be assessed at nisi prius.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.