MERCHANTS NATIONAL BANK OF OMAHA V. EDWARD
S. JAFFRAY ET AL.

FILED FEBRUARY 1, 1893.    No. 4759.

1. **Attachment**: ORDER: JUDICIAL ACT.   An order by a district
   or county judge allowing an attachment in an action on a claim
   not due is a judicial act within the meaning of sec. 38, ch. 19,
   Comp. Stats.

2. **An order made by a judge on Sunday or a legal
   holiday** allowing an attachment in an action on a debt not
   due is void.

ERROR from the district court of Douglas county.   Tried
below before CLARKSON, J.

*George E. Pritchett*, for plaintiff in error.

*Kennedy & Learned, contra.*

POST, J.

This is a controversy between attaching creditors.   The
plaintiff in error on the 25th day of December, 1890, filed
its petition in the district court of Douglas county against
Henry Eiseman and Simon Eiseman claiming judgment
for $3,580 on a debt not due.   At the same time it filed an
affidavit in substantial compliance with section 238 of the
Code, whereupon an order was on the same day made by
Hon. Geo. W. Doane, one of the judges of the district
court for said county, allowing an attachment against the
property of the defendant therein, which was issued in due
form and by virtue of which the property in controversy
was on the day above named seized by the sheriff.   The
order of attachment through which defendant in error
claims was issued December 26, 1890.

There are several questions argued which it is not neces-
sary to notice, as the judgment of the district court must

be affirmed on the ground that the order of attachment through which the plaintiff claims is void.

It is by sec. 38, ch. 19, Comp. Stats., provided that "No court can be opened, nor can any judicial business be transacted, on Sunday, or on any legal holiday, except, first, to give instructions to a jury then deliberating on their verdict; second, to receive a verdict or discharge a jury; third, to exercise the powers of a single magistrate in a criminal proceeding."

And by sec. 8, ch. 41, it is provided as follows:

"That the following days, to-wit, the first day of January, February twenty-second, and the twenty-second of April, which shall be known as 'Arbor Day,' the twenty-fifth day of December, the thirtieth day of May, and July fourth, and any day appointed or recommended by the governor of this state or the president of the United States as a day of fast or thanksgiving, and when any one of these days shall occur on Sunday, then the Monday following shall, for all purposes whatsoever as regards the presenting for payment or acceptance, and the protesting and giving notice of the dishonor of bills of exchange, bank checks, or promissory notes, made after the passage of this act, be deemed public holidays, and be treated and considered as is the first day of the week commonly called Sunday; *Provided*, That when any one of these days shall occur on Monday, any bill of exchange, bank check, or promissory note, made after the passage of this act, which but for this act would fall due and be payable on such Monday, shall become due and payable on the day thereafter."

It is not deemed necessary to discuss the question of the validity of an order of attachment or the service thereof on Sunday or a legal holiday in ordinary cases, that is, for debts already due. There is, to say the least, a diversity of opinion upon the subject. A respectable line of authorities hold such acts to be purely ministerial and therefore

not within the inhibition of the statute particularly when assailed in collateral proceedings.   But an order of a judge allowing an attachment as in this case is clearly within the statute.   Judicial acts are defined to be "such acts as are performed in the exercise of judicial power." (Hawes, Jurisdiction, 4.) Bouvier defines judicial power thus: " Belonging to or emanating from a judge as such, the authority vested in a judge." " Whatever emanates from a judge as such, or proceeds from a court of justice is judicial." (*In re Cooper*, 22 N. Y., 82.)   An attachment will be allowed in an action for a claim before it is due only upon the grounds and the conditions prescribed by statute.   One of the conditions is that the plaintiff or his attorney shall make oath in writing showing the nature of his claim and when it will become due. (Code, 238.)   When the application is made the court or judge must determine judicially that the action is one of those contemplated by the statute and that the showing is sufficient to entitle the plaintiff to an attachment.   The validity of the attachment under which the defendant claims depends upon the order made by the judge on the 25th day of December, a legal holiday. That order was a judicial act expressly forbidden by statute and is therefore void. (*Moore v. Herron*, 17 Neb., 697.) It follows that the judgment of the district court is right and should be

AFFIRMED.

THE other judges concur.