MAX DAVIDSON, Respondent, v. EDWARD A. MUNSEY, Appellant.

### No. 1490. (74 Pac. 431.)

**1. Holidays: Judicial Proceedings.**

Under the express provisions of Revised Statutes 1898, section 1145, February 23d becomes a legal holiday when February 22d falls on Sunday.

**2. Same: Jurisdiction.**

The hearing of contempt proceedings being prohibited by the omission to include them as within the exceptions to Revised Statutes 1898, section 701, providing that no court can be opened nor judicial business transacted on any legal holiday, a judgment and decree in contempt proceedings heard on a legal holiday are void, as being without the jurisdiction of the court:

**3: Same: Objection first Raised on Appeal.**

Objection to contempt proceedings having been heard on a legal holiday, contrary to Revised Statutes 1898, section 701, goes to the jurisdiction of the court, and is properly raised for the first time on appeal.

**4. Same: Waiver.**

Neither failure to object to the jurisdiction of a court nor consent to its exercise, when the court would otherwise have none, will confer it, the doctrine of waiver having no application in such case.[1]

(Decided December 10, 1903.)

Appeal from the Second District Court, Weber County. —*Hon. C. H. Hart*, Judge.

Action to restrain defendant from selling cigars under a certain trade name or mark and for damages. From a judgment in favor of the plaintiff, the defendant appealed.

REVERSED.

---

[1] State v. Mortensen, 26 Utah 312, 73 Pac. 562.

*Messrs. Henderson & Macmillan* and *R. S. Farnsworth, Esq.,* for appellant.

*W. L. Maginnis, Esq.,* and *C. C. Richards, Esq.,* for respondent.

BARTCH, J.—This suit was brought to restrain the defendant from selling or vending cigars under a certain trade name or mark, and for damages; the plaintiff being a manufacturer, and the defendant a vendor, of cigars. At the trial of the cause a decree was entered in favor of the plaintiff restraining the deféndant from selling or causing to be sold any cigars purporting to be cigars manufactured by the plaintiff when the same are not manufactured by him, and especially from manufacturing or selling or imitating two brands of cigars known as the "Columbia Club" and the "Columbia Club Perfecto." Afterwards the plaintiff claimed the defendant had violated the injunction, and proceedings were instituted to punish him for contempt of court. The hearing of the contempt proceedings was commenced on February 23, 1903, and concluded and submitted to the court on the following day. Thereafter, on March 10, 1903, the court entered a decree adjudging the defendant guilty of contempt, and ordered him to pay to the plaintiff forthwith the sum of $380 as his loss, consisting of damage, expense and attorney's fees, and also to pay plaintiff's costs and disbursements, taxed at $52.30. This appeal is from the decree and judgment.

The decisive question presented is whether the court transcended its powers by commencing and proceeding with the trial of the cause on February 23, 1903, since that day was a legal holiday, the twenty-second of February having fallen on Sunday. The appellant contends that the court acted without jurisdiction, and that its decree and judgment are void. The respondent insists that the trial of the cause on that day did not affect the jurisdiction of the court, but was sim-

ply an irregularity, which, as is urged, the defendant waived by failing to make a seasonable objection.   We are of the opinion that the contention of the appellant is well founded.   Our statute, so far as material here, provides:   "The following named days are legal holidays in this State:   Every Sunday, the first day of January, the twenty-second day of February,  .  .  .:   provided, that when any of said days, except the first mentioned, shall fall on Sunday, the following Monday shall be the holiday."   Section 1145, Rev. St. 1898.   In this instance the twenty-second day of February had fallen on Sunday, and, as will be noticed, the following Monday, or the twenty-third, was therefore a legal holiday.   What judicial business may be transacted on such a day can be ascertained from section 701, Rev. St. 1898, which reads:   "No court can be opened nor can any judicial business be transacted on Sunday, on any day on which a general election is held, or on any legal holiday, except for the following purposes:   (1)   To give upon their request, instructions to a jury when deliberating on their verdict.   (2) To receive a verdict or discharge a jury.   (3)   For the exercise of the powers of a magistrate in a criminal action, or in a proceeding of a criminal nature; provided, that in civil causes orders of arrest may be made and executed; writs of habeas corpus and attachment, executions, injunctions, and writs of prohibition may be issued and served; proceedings to recover possession of personal property may be had, and suits and processes for obtaining any such writs and proceedings may be instituted, issued, and served, on any day."   Here is a plain provision of the statute, in which are enumerated with much particularity the several kinds of business, presumably of emergency, which may be transacted by a court on the days mentioned in the statute.   The transaction on such days of all other judicial business not so enumerated is clearly prohibited by the mandatory terms of the statute.   The business transacted on the oc-

casion herein was not of the kind enumerated and authorized to be transacted on a legal holiday, and the objection to the proceeding therefore is not merely to an irregularity, but goes to the jurisdiction, and the fact that it was made for the first time in this court is immaterial. While the court had jurisdiction of the parties and the subject-matter of the action, it had not jurisdiction to try cause on that day. Neither the failure of the defendant to object at the time of the trial nor his consent to proceed could confer jurisdiction upon the court under under the circumstances. Jurisdiction comes only from the law. Failure to object or consent can not confer it, where the court otherwise would have none. State v. Mortensen, 26 Utah 312, 73 Pac. 562.

The prohibition imposed by the statute, as will be observed, extends to legal holidays the same as to Sundays. If then, a cause could be lawfully tried on a legal holiday, it could, with the same authority, be so tried on Sunday, and yet it is apprehended that a court of justice would hesitate to construe such a statute, intended only for matters of emergency, so as to make it possible for the court itself to be made an instrument to, within its own sacred halls, encourage the desecration of the Sabbath by the trial on that day of ordinary causes of action. Certainly the trial of causes upon Sunday would be a reproach to our civilization, and would meet with condemnation by a Christian people. When, therefore, the Legislature, as to this subject, placed legal holidays and Sundays upon the same plane, it would seem clear that the intention was absolutely to prohibit the courts from transacting any judicial business, except such as is mentioned in the statute, upon legal holidays as well as upon the other days mentioned in the enactment. The day on which this cause was tried was therefore *dies non juridicus,* and the court was without authority to try the cause.

The doctrine of waiver has no application. On that day the court had no authority to try or proceed with

the trial of the cause, and the judgment which it afterwards entered was null and void.   In Lampe v. Manning, 38 Wis. 673, the action was tried before a justice of the peace on the twenty-third day of February, the twenty-second having fallen on Sunday.   The cause had been adjourned to the former day on motion of the defendant.   At the trial the judgment was rendered against the defendant.   The laws of that State respecting the subject of legal holidays and the transaction of judicial business on such days were similar to ours. Upon the case reaching the Supreme Court, Mr. Justice Lyon, speaking for the court, said:   "There was an absolute want of authority to hear the cause and render the judgment, and it is not a case in which the doctrine of waiver can properly be applied.   For that day the justice had no jurisdiction either of the person of the defendant or the subject-matter of the action for the purposes of trial and judgment, and all that he did in the cause on that day was *coram non judice.*"   28 Am. & Eng. Ency. Law, 533-535; Merchants' Nat. Bank v. Jaffray, 36 Neb. 218, 54 N. W. 258, 19 L. R. A. 316; Ex parte Tice, 32 Or. 179, 49 Pac. 1038.

The court having commenced and proceeded with the trial without jurisdiction, the judgment must be reversed, with costs, and the cause remanded, with directions to the lower court to grant a new trial.   It is so ordered.

BASKIN, C. J., and McCARTY, J., concur.