[No. 7130.    Decided March 10, 1908.]

JAMES G. STEWART, *Appellant*, v. STATE BOARD OF MEDICAL EXAMINERS *et al.*, *Respondents*.[1]

JUDGMENT—PREVENTING ENFORCEMENT—COMPLAINT — SUFFICIENCY —ENTRY—PRESUMPTIONS—HOLIDAYS. Proceedings under a judgment will not be restrained on the ground that the judgment was entered on a holiday, where it merely appears from the complaint that on a holiday the judge heard the arguments, announced his decision, and directed a judgment to be entered; since it will be presumed that the judgment was properly entered at a subsequent date.

Appeal from a judgment of the superior court for King county, Albertson, J., entered June 8, 1907, upon sustaining a demurrer to the complaint, dismissing an action to enjoin

[1]Reported in 94 Pac. 472.

proceedings under a judgment sustaining the action of the state board of medical examiners in revoking plaintiff's license. Affirmed.

*Edgar S. Hadley* and *William Parmerlee*, for appellant.

*Walker & Munn* and *Anthony M. Arntson*, for respondents.

ROOT, J.—On the 16th day of June, 1906, a petition was filed with the state board of medical examiners, praying that the license of plaintiff as a physician be revoked, and thereafter an order was entered by said board revoking said license. Thereupon this plaintiff appealed to the superior court for Pierce county, and the matter came on for hearing before Judge Linn of Thurston county, who was presiding in said case. Plaintiff's complaint herein alleges that, on the 6th day of November, 1906, the same being a legal holiday, to wit, the day upon which a general election for the state of Washington was held throughout the state, Judge Linn heard arguments "upon the demurrers to the defendants' answers, and on said date, without authority and contrary to the laws of the state of Washington, did render his judgment sustaining said demurrers to defendants' answers, and then and there announced his judgment sustaining said demurrers, and directed a judgment against the plaintiff herein, sustaining the action of said medical board in cancelling the plaintiff's license." By the present action he seeks to prevent any proceedings being taken under the judgment entered in the aforementioned proceeding. To the complaint herein the defendants interposed a demurrer which was sustained by the trial court; and the plaintiff electing to stand upon his complaint, a judgment of dismissal was entered. From this, plaintiff appeals.

Appellant contends that the judgment of the superior court, cancelling his license, was absolutely void because of what the trial judge did upon the holiday as above set forth. We are unable to agree with this contention. It does not appear that the judgment was entered upon that day. The mere

fact that arguments were heard upon demurrers and that the judge "announced" and "directed" a judgment does not amount to an allegation that the judgment was entered upon that day. For aught that appears in this complaint, the trial. judge may have heard further argument or a reargument thereafter, and may have reviewed the entire case and entered judgment accordingly. There is nothing to show that appellant in any way objected to the action of the court in hearing arguments, passing upon the demurrer or announcing and directing a judgment upon the day in question. It is true that under our law no court can legally transact, or be open for, any judicial business of the character here involved on a legal holiday. But under the allegations of this complaint, we cannot say that the judgment, presumably entered in the proper manner subsequent to said date, was entered pursuant to any of the proceedings had on said holiday, and are not prepared to say that the same is void.

The judgment of the superior court is affirmed.

HADLEY, C. J., CROW, MOUNT, and FULLERTON, JJ., concur.