## DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 7074. Decided March 17, 1908.]

THE STATE OF WASHINGTON, *on the Relation of George W. Walter, Plaintiff*, v. THE SUPERIOR COURT FOR WHITMAN COUNTY, *Respondent*.[1]

JUDGMENT—ENTRY—HOLIDAYS. A final judgment entered on a judicial day is not void by reason of the fact that prior proceedings were had in the case upon a legal holiday proclaimed by the governor, where no objection was made at the time to such prior proceedings.

Certiorari to review a judgment of the superior court for Whitman county, Chadwick, J., entered November 1, 1907, granting a writ of mandamus to compel the registration of the names of certain qualified electors of a municipality. Affirmed.

*Frank C. Owings* and *E. K. Hanna,* for plaintiff.

*Thomas Neill,* for respondent.

CROW, J.—On October 17, 1907, one E. S. Burgan, a qualified elector of the city of Pullman, applied to the superior court in and for Whitman county for a writ of mandamus to compel George W. Walter, the city clerk, to register the plaintiff and other qualified electors, there being a dispute between them and the defendant as to the ordinance under

[1]Reported in 94 Pac. 665.

which, and the ward in which, they were entitled to registration. After issue joined, trial was commenced and evidence introduced on October 29, 1907. The cause was then adjourned to October 30, 1907, at which time additional evidence was admitted and arguments of counsel were made. On the morning of October 31, 1907, the trial judge prepared a written opinion, announcing his decision, and giving his reasons therefor. Copies of this opinion were forthwith delivered to the respective counsel and filed with the clerk. On November 1, 1907, the parties again appeared by their counsel, at which time findings of fact, conclusions of law, and a final judgment awarding a peremptory writ of mandamus were prepared, signed, and filed. The defendant interposed a motion for a new trial, which was denied. The annual municipal election was about to be held in the city of Pullman, and the city clerk, G. W. Walter, alleging he had no remedy by appeal, applied to this court for a writ of certiorari with an order of supersedeas, to review the judgment of the superior court. The writ was granted, but without any supersedeas. On the final hearing and review we, on November 11, 1907, concluded that the judgment of the superior court should be affirmed, but in the absence of any supersedeas, delayed this opinion until it could be reached in the regular order of business.

On the morning of October 30, 1907, the governor of the state of Washington, under authority of Bal. Code, § 4709 (P. C. § 5447), issued the following proclamation:

"Whereas, A proclamation was issued October 29, 1907, by the governor of Oregon declaring a legal holiday in said state extending through the week until Saturday, November 2, 1907;

"Whereas, It is made to appear that the closing of the Oregon banks by virtue of said proclamation will cause injury and embarrassment to certain banking interests of the state of Washington transacting business with certain banks of Oregon;

"Now, therefore, In order to protect the interests of the banks of the state of Washington so affected, I, Albert E

Mead, governor of the state of Washington, by virtue of the authority in me vested, do proclaim Wednesday and Thursday, October 30 and 31, 1907, legal holidays.

"In witness whereof I have hereunto set my hand and caused the seal of the state to be affixed at Olympia, this thirtieth day of October, A. D. nineteen hundred and seven.

"By the Governor;                          Albert E. Mead.

     (Seal)

"Sam H. Nichols, Secretary of State."

The relator contends that October 30 and 31, thus declared to be holidays, were each *dies non juridicus,* on which judicial business could not be transacted; that the final judgment was based upon evidence admitted on such nonjudicial days; that the trial judge announced his decision on a legal holiday, and that the final judgment, which was subsequently signed and entered, was void. The record shows that the relator interposed no objection to hearing the cause on October 30 and 31; that the question here presented was not raised in the trial court by motion for a new trial or otherwise, but that it was first presented in this court. The respondent's attorney insists that the days named in the governor's proclamation did not become legal holidays except as to banking, financial and commercial matters; that they were judicial days, and that the governor was without authority to declare more than one holiday in a single proclamation. For the purposes of this opinion we will disregard these contentions and assume, without deciding, that both days mentioned in the proclamation were legal holidays in contemplation of Bal. Code, §§ 4709 and 4712 (P. C. §§ 5447, 5448). It is conceded that the trial was commenced on a judicial day; that the final judgment was prepared, signed, and entered on another judicial day; and that the other proceedings above mentioned occurred on the alleged holidays. It is shown that neither the trial judge nor the parties had actual knowledge of the governor's proclamation, prior to noon of October 31; that no daily paper was published in Colfax, the county seat; that the court and parties first learned of the proclamation through

Spokane papers, and that at no time during the trial was
objection made to holding court or to any of the proceedings.
Undoubtedly the trial judge would have continued the cause
until November 1 had he known of the proclamation.  The
relator, however, contends that the court and parties were
presumed to have been aware of the proclamation which took
immediate effect when issued, citing:  *Lapeyre v. United
States*, 17 Wall. 191, 21 L. Ed. 606; *United States v. Norton*,
97 U. S. 164, 24 L. Ed. 907; *McElrath v. United States*,
102 U. S. 426, 26 L. Ed. 189.

The only question presented is whether the final judgment
entered on a judicial day became void by reason of prior
judicial proceedings conducted on the holidays, to which the
relator at the time failed to object, or to which, in other
words, he impliedly assented.  There is much conflict of au-
thority as to the validity of judicial proceedings conducted
on holidays.  The relator contends that the evidence admitted
and the arguments made on the holidays were considered by
the trial court in reaching the final judgment; that the hear-
ing and consideration of such evidence and arguments were
void judicial proceedings, which entered into the final judg-
ment and avoided it also.  In support of this position he cites,
with others, the following authorities upon which he bases his
principal arguments:  *Davidson v. Munsey*, 27 Utah 87, 74
Pac. 431; *Lampe v. Manning*, 38 Wis. 673; *State v. Green*,
37 Mo. 466; *Merchants' Nat. Bank of Omaha v. Jaffray*,
36 Neb. 218, 54 N. W. 258, 19 L. R. A. 316; *Poor v. Beatty*,
78 Me. 580; *Hemmens v. Bentley*, 32 Mich. 88; *Ex Parte
Tice*, 32 Ore. 179, 49 Pac. 1038.

We have carefully examined these and all other cases cited
by the relator, and find that in no one of them, except *David-
son v. Munsey, supra*, was the final judgment or order, al-
leged to be void, entered or made upon a judicial day, as in
this case.  In *Lampe v. Manning, supra*, relator's leading
case, the cause was tried and the judgment was entered on a
legal holiday.  In *State v. Green, supra*, the giving of instruc-

tions to the jury in a criminal case was commenced on Saturday night, but completed after midnight, thus running into Sunday. Objection thereto was urged in the lower court by motion for a new trial, and the supreme court of Missouri with much reluctance held that the final judgment of conviction was erroneous. In *Merchants Nat. Bank v. Jaffray* and *Poor v. Beatty, supra*, the orders claimed to be void were made and entered on holidays. In *Hemmens v. Bentley, supra*, a magistrate heard evidence on a judicial day, but made and entered the judgment on a holiday. In *Ex Parte Tice, supra*, the supreme court of Oregon held that the act of a trial judge in discharging a jury on Sunday when they had failed to agree, entitled the prisoner to be discharged, as he could not again be placed in jeopardy. This court, in *State v. Lewis*, 31 Wash. 515, 72 Pac. 121, on a similar state of facts, after discussing the *Tice* case, made a contrary ruling. With the exception of *Davidson v. Munsey, supra*, which by reason of our views hereinafter stated we disapprove, we have been unable to find any case based on statutes similar to our own in which a judgment entered on a judicial day, after a portion of the trial had been conducted without objection on a holiday, was declared void.

In *Glenn v. Eddy*, 51 N. J. L. 255, 14 Am. St. 684, the court, in discussing statutory holidays other than Sunday, said:

"The statutory declaration that these days shall be legal holidays does not indicate an intent to assimilate their *status* to that of Sunday. 'Holiday,' in its present conventional meaning, is scarcely applicable to Sunday: *Phillips v. Innes*, 4 Clark & F. 234. It is applicable to all, and has long been applied to some of the days named. When the statute declares them to be legal holidays, it does not permit a reference to the legal *status* of Sunday to discover its meaning. For it proceeds to interpret the phrase, so far as it is prohibitory, by an express enactment declaring what shall not be done thereon. What it thus expresses is prohibited; what it fails to prohibit remains lawful to be done. The plain intent of the statute, therefore, is to free all persons, upon the days

named, from compulsory labor and from *compulsory* attendance upon courts, as officers, suitors, or witnesses. Its true interpretation will limit the prohibition with respect to the courts to such actual sessions thereof as would require such attendance."

Although our statute [Bal. Code, §§ 4709, 4712 (P. C. §§ 5447, 5448)], names Sunday as a holiday, we think its evident intention is that litigants shall not be compelled to try their causes on that day or any other holiday. There is no language in Bal. Code, § 4712, compelling us to hold a final judgment void simply because it may in part result from other preliminary judicial proceedings which, with consent or at least without objection, were conducted on a legal holiday. To do so would deprive the court of jurisdiction of the entire cause. Unquestionably it would be erroneous for a court to remain open and transact judicial business on a legal holiday, and we assume that no trial judge in this state would knowingly do so. If for any cause one should unwittingly do so, no objection being interposed by parties present, and a judgment should thereafter be entered on a judicial day, this court most certainly would not declare such judgment void on the complaint of a consenting litigant, who objects for the first time upon appeal or by writ of certiorari. Although we have found no case identical with this, the above principles have been substantially recognized by other courts and also by this court. In *Kaufman's Appeal*, 70 Pa. St. 261, it was held that a confession of judgment delivered to a magistrate on Sunday would not vitiate a judgment entered on the following Monday. In *State v. Duncan*, 118 La. 702, 43 South. 283, a criminal prosecution, it was held that a defendant, who without objection had proceeded to trial on a holiday, could not contend for the first time after conviction that the judgment against him was void. In *Ehrlich v. Pike*, 53 Misc. Rep. 328, 104 N. Y. Supp. 818, the controversy was referred to arbitrators who, after receiving evidence, met on Sunday, considered the cause, and decided upon an award, which was

made, published, and delivered on the following Monday, but
the appellate division of the supreme court of New York held
the award valid.   See, also, *Houston etc. R. Co. v. Harding*,
63 Tex. 162; *Bradley v. Claudon*, 45 Ill. App. 326; *Foster
v. Toronto R. Co.*, 31 Ontario 1; *Latta v. Catawba Elec. &
Power Co.* (N. C.), 59 S. E. 1028.

In *McClellan v. Gaston*, 18 Wash. 472, 51 Pac. 1062, al-
though it was conceded that legal service of a summons could
not be made on a holiday, this court held the defendant
estopped from denying the legality of service admitted by
him upon a holiday.   In *Stewart v. State Board of Medical
Examiners*, 48 Wash. 655, 94 Pac. 472, the applicant Stewart,
by collateral action and attack, endeavored to enjoin the state
board of medical examiners from enforcing a judgment of the
superior court of Pierce county, which he alleged was void
because the trial judge had heard arguments on a demurrer
and had directed the judgment on a legal holiday.   He made
no allegation that evidence was admitted or considered, that
the final judgment was actually entered on a holiday, or that
he had objected to any of the proceedings.   The substance of
his contention was that the preliminary judicial business
transacted on a legal holiday avoided the final judgment, and
that the court thereby so completely lost its jurisdiction of
the cause that it had no authority to take further action
therein.   This court, however, in passing upon his conten-
tion, refused to declare the judgment void.

The judgment in this cause, which was entered on a judicial
day, appears upon its face to be regular and without sugges-
tion of invalidity.   The relator by his own conduct consented
to a trial on the two holidays, thereby waiving any inad-
vertent error or mistake of the trial judge.   This being true,
he is in no position to question in this court the validity of
the final judgment, which is affirmed.

HADLEY, C. J., MOUNT, and ROOT, JJ., concur.

FULLERTON, J., took no part.