[Crim. No. 943.   Third Appellate District.—July 30, 1926.]

## In the Matter of the Application of EDMUND J. MURPHY for a Writ of Habeas Corpus.

[1] HABEAS CORPUS—FUNCTION OF WRIT—JURISDICTION—VALIDITY OF JUDGMENT.—Upon a petition for a writ of *habeas corpus* the scope of the inquiry is limited to questions affecting the jurisdiction of the court, the sufficiency in point of law of the proceedings, and the validity of the judgment or commitment under which the prisoner is restrained, and the alleged invalidity must appear upon the face of the judgment attacked by this method.

[2] ID.—TAKING TESTIMONY ON NONJUDICIAL DAY—VALIDITY OF JUDGMENT—JURISDICTION.—In a proceeding in *habeas corpus* to secure release from custody after judgment of conviction, where at the time the court entered judgment it had jurisdiction over both the cause and the petitioner, which gives the judgment full vitality

---

1.  See 13 Cal. Jur. 217; 12 R. C. L. 1185, 1240.

when questioned upon *habeas corpus*, the fact that prior to the rendition of judgment the court took testimony, or a portion of the testimony, during a nonjudicial day cannot be considered.

(1) 29 **C. J.**, p. 30, n. 15, p. 31, n. 17, p. 33, n. 31, p. 766, n. 59.
(2) 29 **C. J.**, p. 27, n. 6.

APPLICATION for a Writ of Habeas Corpus to secure release from custody on the ground that certain testimony was taken on a nonjudicial day. Writ denied.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli and Walter F. Lynch for Petitioner.

THE COURT.—This matter is before the court upon application for a writ of *habeas corpus* after judgment of conviction, and only one point is presented for our consideration. The petition alleges that on Saturday afternoon, December 18, 1920, a portion of the testimony of one Fred A. Smith and the whole of the testimony of one Henry Heidelberg was taken as a part of the trial of the defendant. It appears that on said day when the hour of noon arrived the court mentioned such fact and petitioner's counsel stated: "We make no objection to finishing with this witness." At that particular time the witness Fred Smith was being examined. After the conclusion of the testimony of Fred Smith it appears that Henry Heidelberg, a witness for the defense, was examined; that no objection was made to the examination of the witness Heidelberg, but that petitioner's counsel did examine said witness. The verdict of the jury and the judgment of the court were entered upon a judicial day. The contention, however, here is made that because the court took testimony or a portion of the testimony during a nonjudicial day that the whole proceeding is void. [1] The law appears to be well settled that upon a petition for a writ of *habeas corpus* the scope of the inquiry is limited to questions affecting the jurisdiction of the court, the sufficiency in point of law of the proceedings and the validity of the judgment or commitment under which the prisoner is restrained. This inquiry is limited to the face of the

79 Cal. App.—5

proceedings. In other words, the alleged invalidity must appear upon the face of the judgment attacked by this method. (12 R. C. L. 1185, sec. 8; p. 1240, sec. 59; 13 Cal. Jur. 217, sec. 4, and cases there cited.) In *Ex parte Long,* 114 Cal. 159 [45 Pac. 1057], it is stated: "The inquiry to be had thereunder (on *habeas corpus* proceedings) does not extend beyond the question of jurisdiction and the validity of the process on its face." (*People ex rel. Doyle* v. *Atwell,* 232 N. Y. 96 [25 A. L. R. 111, 133 N. E. 364].) See, also, *Ex parte Bracklis,* 52 Cal. App. 274 [198 Pac. 659], as to what question cannot be inquired into upon *habeas corpus* proceedings.

The petition relies upon the case of *Ex parte Dal Porte,* 198 Cal. 216 [244 Pac. 355]. In that case the defendant was tried, convicted, and judgment pronounced on a holiday. It appears, of course, upon the face of the proceedings that the trial and the judgment were had and entered at a time when the court was without jurisdiction to enter judgment. It follows the case of *In re Smith,* 152 Cal. 566 [93 Pac. 191], where the judgment was entered upon a nonjudicial day and held void. The facts in the case at bar are similar to those considered in *People* v. *Maljan,* 34 Cal. App. 384 [164 Pac. 547]. In that case it was held a defendant cannot complain that his trial was finished on a Saturday afternoon in violation of sections 133 and 134 of the Code of Civil Procedure where his attorney in open court waived the right to object to the trial proceeding upon his attention being called to the fact that the hour of noon had arrived. A petition for hearing in the supreme court was denied in that case. In the case of *State ex rel. Walter* v. *Superior Court,* 49 Wash. 1 [17 L. R. A. (N. S.) 257, 94 Pac. 665], the supreme court of Washington had before it a case where the circumstances were identical with those at bar. It was there held that a judgment entered on a judicial day will not be declared void because evidence was taken and arguments heard without objection on a day which had, without knowledge of the court, been proclaimed by the governor to be a holiday. The court in the consideration of that case reviews the different decisions having to do with proceedings had upon holidays where judgments have been held void and pointed out the distinction between the case then

being considered and the cases where the judgments were held void, that is, where evidence is taken on a nonjudicial day and the final judgment of the court is entered upon a judicial day. It is held that under such circumstances the judgment is valid. The language of the court is pertinent here:

"The only question presented is whether the final judgment entered on a judicial day became void by reason of prior judicial proceedings conducted on the holidays, to which the relator at the time failed to object, or to which, in other words, he impliedly assented. There is much conflict of authority as to the validity of judicial proceedings conducted on holidays. The relator contends that the evidence admitted and the arguments made on the holidays were considered by the trial court in reaching the final judgment; that the hearing and consideration of such evidence and arguments were void judicial proceedings, which entered into the final judgment and avoided it also. In support of this position, he cites, with others, the following authorities upon which he bases his principal arguments: *Davidson* v. *Munsey,* 27 Utah, 87 [74 Pac. 431]; *Lampe* v. *Manning,* 38 Wis. 673; *State* v. *Green,* 37 Mo. 466; *Merchants' Nat. Bank* v. *Jaffray,* 36 Neb. 218 [19 L. R. A. 316, 54 N. W. 258]; *Poor* v. *Beatly,* 78 Me. 580 [7 Atl. 541]; *Hemmens* v. *Bentley,* 32 Mich. 89; *Ex parte Tice,* 32 Or. 179 [49 Pac. 1038]. We have carefully examined these and all other cases cited by the relator, and find that in no one of them, except *Davidson* v. *Munsey, supra,* was the final judgment or order, alleged to be void, entered or made upon a judicial day, as in this case. In *Lampe* v. *Manning, supra,* relator's leading case, the cause was tried and the judgment was entered on a legal holiday. In *State* v. *Green, supra,* the giving of instructions to the jury in a criminal case was commenced on Saturday night, but completed after midnight, thus running into Sunday. Objection thereto was urged in the lower court by motion for a new trial, and the supreme court of Missouri with much reluctance held that the final judgment of conviction was erroneous. In *Merchants' Nat. Bank* v. *Jaffray* and *Poor* v. *Beatty, supra,* the orders claimed to be void were made and entered on holidays. In *Hemmens* v. *Bentley, supra,* a magistrate heard evi-

dence on a judicial day, but made and entered the judgment on a holiday. In *Ex parte Tice, supra,* the supreme court of Oregon held that the act of a trial judge in discharging a jury on Sunday when they had failed to agree entitled the prisoner to be discharged, as he could not again be placed in jeopardy. This court, in *State* v. *Lewis,* 31 Wash. 515 [72 Pac. 121], on a similar state of facts, after discussing the Tice case, made a contrary ruling. With the exception of *Davidson* v. *Munsey, supra,* which, by reason of our views hereinafter stated, we disapprove, we have been unable to find any case based on statutes similar to our own, in which a judgment entered on a judicial day, after a portion of the trial had been conducted without objection on a holiday, was declared void."

[2] There is no question but that at the time the court entered judgment in this case it had jurisdiction over both the cause and the petitioner, which gives to the judgment full vitality when questioned upon *habeas corpus* proceedings. In the Dal Porte case the records showed that the judgment was entered upon a holiday which, of course, presented before the court the fact of the invalidity of the court's procedure. It was not held in that case that the court could go behind the face of the record. It simply held upon the face of the record it was apparent that the trial court had proceeded to pronounce judgment at a time when it had no authority so to do. Upon the record presented to us it appears that the trial court had jurisdiction to pronounce judgment and whatever infirmities there may be that crept into the trial preceding the judgment cannot be considered.

The petition is denied.