MILLER, Respondent, v. EMERSON, Appellant.

No. 8750

Submitted September 26, 1947. Decided October 30, 1947.

186 Pac. (2d) 220

Mr. Lloyd I. Wallace, Mr. L. L. Evans, and Mr. F. N. Hamman, all of Polson, for appellant.

Mr. Stanley M. Doyle and Mr. R. H. Wiedman, both of Polson, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

Plaintiff brought this action under section 11174, Revised Codes, to recover money lost by her husband in alleged gambling games operated and conducted by defendant. The jury awarded a verdict in her favor in the sum of $2,940, being the exact amount demanded by her in her complaint. Judgment was entered on the verdict. Defendant's motion for new trial was denied and he appealed from the judgment.

The first point urged by defendant is that his motion for new trial should have been granted because the jury's verdict is contrary to the instructions and the result of passion and prejudice because the verdict was for $2,940 whereas the most that the proof would sustain was a verdict for the sum of $2,930.

We have carefully considered the evidence and in it we find merit in defendant's contention that the evidence does not justify a finding for more than $2,930 as having been lost by plaintiff's husband in gambling operated by defendant. As to that amount, however, there is no conflict in the evidence. Defendant did not testify in the case and there was no denial of the proof offered by plaintiff and hence there was nothing else the jury could have done than to bring in a verdict for plaintiff in the sum of $2,930.

We do not agree that because the award was $10 more than the evidence warranted a new trial must be had. Section 9191, Revised Codes, provides: "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not effect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect." No substantial right of defendant will be affected if we order the judgment modified by reducing it to the sum of $2,930. There is authority for thus modifying a judgment Kane v. Oehler, 62 Mont. 417, 205 Pac. 245; Dietz v. Rabe, 65 Mont. 500, 211 Pac. 343; Callan v. Hample, 73 Mont. 321, 236 Pac. 550; Stagg v. Broadway Garage Co., 87 Mont. 254, 286 Pac. 415; Hinton v. Peterson, Mont., 169 Pac. (2d) 333.

382

The case of Blessing v. Angell, 66 Mont. 482, 214 Pac. 71, relied upon by defendant, is quite different from this case. In that case plaintiff sought recovery of $570.80. Defendant interposed a counterclaim for $429.21. The jury returned a verdict for defendant in the sum of $570.80. The court properly granted a new trial in that case. There it was not possible to ascertain the intention of the jury. The verdict on its face suggested a mistake on the part of the jury either in finding for the defendant, whereas they intended to find for plaintiff, or a mistake in finding for defendant in the sum demanded by plaintiff rather than in the amount demanded by defendant.

In the instant case the jury's intention is plain and that was to find for plaintiff for all that was lost by plaintiff's husband in gambling games conducted by defendant and which the jury honestly thought was $2,940 but which we think was not shown, by the type of evidence necessary, to exceed $2,930.

The only other point raised is that the verdict and judgment ▮ must fall because part of the testimony was taken in the case and the jury was instructed and arguments of counsel made to the jury on Thanksgiving day.

Section 17 of Article VIII of the Montana Constitution in part provides: "The district court in each county which is a judicial district by itself shall be always open for the transaction of business, except on legal holidays and non-judicial days."

The purpose of this part of the section was to compel district courts in those counties which by themselves constituted a judicial district to be always open for the transaction of business "except on legal holidays and non-judicial days." It does not purport to void any judicial act performed on a legal holiday. It simply excuses district courts from being open for business on legal holidays and non-judicial days and commands them to be open for business on all other days.

By the last sentence of section 11 of Article VIII it is provided that: "Injunctions, writs of prohibition and habeas corpus may be issued and served on legal holidays and non-judicial

days.'' Statutory provisions bearing upon the question are sections 8849 and 8850, reading: ''Courts of justice may be held and judicial business transacted on any day, except as provided in the next section.'' Sec. 8849. ''No court must be open, nor must any judicial business be transacted * * * on a day appointed by the president of the United States, or by the governor of this state, for a public fast, thanksgiving, or holiday, except for the following purposes: 1. To give, upon their requests, instructions to a jury when deliberating on their verdict. 2. To receive a verdict, or discharge a jury. 3. For the exercise of the powers of a magistrate in a criminal action, or in a proceeding of a criminal nature; but injunctions, writs of prohibition, and habeas corpus may be issued and served on any day.'' Sec. 8850.

The record discloses that defendant not only failed to object ▆ to the proceeding being conducted on Thanksgiving day but actually announced that it was agreeable to proceed.

The cases dealing with this point are not in accord. Some cases hold that failure to interpose timely objection to proceeding on a holiday waives the point. A leading case is State v. Brownfield, 160 La. 171, 106 So. 734, 735, 43 A. L. R. 475. The court in that case said: ''Defendant had the right to object to being put upon his trial on a dies non, but he had no right to announce ready for trial on such a day, and then after verdict, object to the legality of the proceeding had on the ground stated. By his failure to timely object, he waived, which was within his province, the fact that the day was a legal holiday.'' Another case taking the same view is that of State of South Carolina v. Cook, 78 S. C. 253, 59 S. E. 862, 15 L. R. A. N. S., 1013, 125 Am. St. Rep. 788, 13 Ann. Cas. 1051, where the court stated: ''The first exception charges the circuit judge committed error in ordering the defendant to go to trial on the 22d day of February, a legal holiday. The facts bearing on this point are thus stated in the record: 'On the 21st day of the said month, Mr. Tillinghast, one of the attorneys for the defendants, inquired of the judge whether he would hold court on the 22d

of February, as he thought he could not do so; that being a holiday. The judge ruled that he knew of no law to prevent the court being held on the succeeding day. The case was then called on the 22d of February, and, no further objection being raised, the case proceeded to trial with the result above stated.' The point is purely technical, and defendants suffered no detriment. It will be observed that Mr. Tillinghast does not appear to have had reference to this or any other case, and the response of the circuit judge cannot be regarded as an adjudication made in this cause. To make the objection available on this appeal, it should have been distinctly made against proceeding with this cause when it was called for trial. Not having been made, it must be considered objection to the trial on the 22d day of February was waived. Mitchell v. Bates, 57 S. C. [44] 52, 35 S. E. 420; 21 Cyc. [Law & Proc.] 444.'' To the same general effect in holding that failure to object or consent waives the error are: State ex rel. Walter v. Superior Court, 49 Wash. 1, 94 Pac. 665, 17 L. R. A., N. S., 257; People v. Maljan, 34 Cal. App. 384, 167 Pac. 547; People v. Browning, 132 Cal. App. 136, 22 Pac. (2d) 784; Ex parte Murphy, 79 Cal. App. 64, 248 Pac. 1044; 40 C. J. S., Holidays, sec. 5, p. 414.

There are cases taking the opposite view and which hold that a court has no jurisdiction to proceed with the taking of testimony on a holiday prescribed by statute (Orban v. Northwestern Fire & Marine Ins. Co., 169 Mich. 404, 135 N. W. 252, Ann. Cas. 1913E, 73) and that failure to object does not affect the question (Davidson v. Munsey, 27 Utah 87, 74 Pac. 431; Lampe v. Manning, 38 Wis. 673; Ex parte Tice (Tice v. Frazier), 32 Or. 179, 49 Pac. 1038 (the holiday in that case was Sunday).

In Ex parte Smith, 152 Cal. 566, 93 Pac. 191, relied upon by defendant, objection was actually made. In the case of Ex parte Dal Porte, 198 Cal. 216, 244 Pac. 355, also relied upon by defendant, it does not appear from the opinion whether objection was made.

Prior decisions of this court aid but little in considering the

question before us. In Hauswirth v. Sullivan, 6 Mont. 203, 9 Pac. 798, it was held that service of summons on Sunday was void for want of jurisdiction over the defendant. This case was overruled by the later case of Burke v. Interstate Savings & Loan Ass'n, 25 Mont. 315, 64 Pac. 879, 87 Am. St. Rep. 416, where the court held that service of summons on Sunday was but an irregularity and hence voidable but not void and could be waived unless attacked seasonably and promptly. In State ex rel. Hay v. Alderson, 49 Mont. 387, 142 Pac. 210, Ann. Cas. 1916B, 39, it was held that publication of a proposed constitutional amendment on Sunday was a ministerial act which did not affect the validity of the publication.

Defendant contends that the effect of our Constitution and statute is to make judicial proceedings taken on a holiday void for want of jurisdiction and, that being so, consent and waiver do not confer jurisdiction, relying upon Reed v. Woodmen of the World, 94 Mont. 374, 22 Pac. (2d) 819.

We think the better view is that by failing to interpose timely objection or by consenting to proceed with the case as here, a waiver is effected.

"One who invokes or voluntarily submits to the exercise by a court of its jurisdiction upon a matter of which it has power to take cognizance is estopped from subsequently objecting thereto." (19 Am. Jur., Estoppel, sec. 77, p. 716.)

The cause is remanded with directions to modify the judgment by reducing the amount from $2,940 to $2,930 and, as thus modified, it will stand affirmed.

Plaintiff shall recover costs from defendant on this appeal.

Mr. Chief Justice Adair, and Associate Justices Choate and Metcalf concur.

Mr. Justice Gibson, not a member of this court when case was heard, did not participate.