## THE STATE v. SILHOFFER.

1. **Criminal Law:** JURISDICTION. Where an information before a justice of the peace charged a party with the commission of two offenses, of one of which the court had jurisdiction and one it did not, and he was thereupon found guilty, *held*, that the fact that the court did not have jurisdiction of one of the offenses would not oust it of jurisdiction of the other.

*Appeal from Montgomery District Court.*

FRIDAY, APRIL 19.

THE facts are stated in the opinion.

*C. E. Richards* and *C. S. Murphy*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

SEEVERS, J.—What purported to be an information against the defendant was filed before a justice of the peace, as follows:

1. CRIMINAL
law: jurisdic-
tion

"INFORMATION.

"THE STATE OF IOWA ⎫ "*Before O. Miller, Justice of the Peace*
    "AGAINST                            ⎬
"HONIST SILHOFFER, ⎭   *of Montgomery County, State of Iowa.*

"The defendant, Honist Silhoffer, is accused of the crime of selling intoxicating liquor, for that the said defendant, on the 22d day of June, 1877, at the township of Red Oak, in Montgomery county, Iowa, did own, use, and keep, control and manage a building for the purpose and intent of keeping and selling therein, in the State of Iowa, intoxicating liquors, contrary to law, and at the said time and place the defendant, in said building, did keep and sell, in the State of Iowa, intoxicating liquors, contrary to law, contrary to the statute in

such case made and provided, and against the peace and dignity of the State of Iowa."

The defendant pleaded not guilty thereto. There was a trial, and he was found guilty, and the justice fined him twenty dollars and costs. He appealed to the District Court, where there was a trial by jury, and a verdict of guilty. A judgment for twenty dollars and costs was rendered against him, from which he appealed to this court, and now urges that the judgment rendered in the District Court should be reversed and set aside, because the justice of the peace had no jurisdiction of the crime charged in the information.

The justice had jurisdiction of the crime of selling intoxicating liquors, and this is clearly charged in the information. The fact, if it be true, that another crime is charged therein of which the justice did not have jurisdiction, should not, after judgment, be held sufficient to oust the justice of jurisdiction of the crime of which he had full and complete jurisdiction. The allegation of keeping intoxicating liquor, with an intent to sell, will be treated as surplusage. *The State v. Hayden*, 45 Iowa, 11.

AFFIRMED.