[No. 10,992. Department One.—September 24, 1884.]

THE PEOPLE, RESPONDENT, *v.* JOSÉ MANUEL SOTO, APPELLANT.

CRIMINAL LAW—DISCHARGING JURY ON LEGAL HOLIDAY—JEOPARDY—CONSTITUTIONAL CONSTRUCTION.—Sections 134 of the Code of Civil Procedure, and 1142 of the Penal Code, authorizing the discharge of a jury on a legal holiday, are not repugnant to section 5 of article vi. of the Constitution. The Constitution is prohibitory of legislation establishing *terms of court* during which alone judicial business can be transacted, but leave the legislature at liberty to allow or disallow the transaction of all or any class of judicial business on legal holidays.

ID.—INSTRUCTING JURY IN ABSENCE OF DEFENDANT.—After the jury had retired to deliberate upon their verdict, they returned and asked for further instructions, and defendant being absent, the court re-read to the jury a portion of the previously given written instructions. After the jury had again retired they were brought into court by order of the judge, who then directed them, in the presence of defendant, to disregard what he had read to them while defendant was absent, and proceeded to read again that which he had read when they came in the first time. *Held*, that the defendant was not prejudiced by what occurred while he was absent.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*R. M. F. Soto*, for Appellant.

*Attorney-General Marshall*, for Respondent.

McKINSTRY, J.—To an information charging him with the crime of murder, defendant pleaded *not guilty* and *once in jeopardy*. The verdict was against him as to both pleas.

At a former trial, the jury having been instructed, on the 21st of February, 1884, the court became satisfied on the next day —the 22d of February—that there was no reasonable probability the jury could agree upon a verdict, and they were accordingly discharged. The 22d day of February was a holiday. (Code Civ. Proc. §§ 10, 133, 134.) A jury may be discharged on the 22d day of February, unless the Constitution prohibits it. (Code Civ. Proc. § 134; Pen. Code, § 1142.) It is insisted by counsel for appellant that section 5 of article vi. of the Constitution prohibits all business in the Superior Courts on a legal holiday or non-judicial day, except the issuing of injunctions and writs of prohibition. The section of the Constitution does

not in terms prohibit any legal business on holidays. The last clause expressly declares that injunctions and prohibitions may be issued on such days. The phrase "they"—the Superior Courts—"shall always be open (legal holidays and non-judicial days excepted)," is prohibitory of legislation establishing *terms of court* during which only judicial business can be transacted, but leaves the legislature at liberty to allow or disallow the transaction of all or any class of judicial business upon legal holidays.

The jury were justified in finding against defendant upon his plea of former jeopardy.

After the jury had retired to deliberate upon their verdict, they returned and asked for further instructions, and defendant being absent, the court re-read to the jury a portion of the previously given written instructions. After the jury had again retired they were brought into court by order of the judge, who then directed them, in the presence of defendant, to disregard what he had read to them while defendant was absent, and proceeded to read again that which he had read when they came in the first time.

It is contended that the error of the court was not and could not be rendered innoxious by the repetition of the reading in the presence of the defendant. Why not? It may be conceded that it cannot be supposed the jurymen—in obedience to the admonition of the court—could entirely exclude from their minds the instructions given them while defendant was out of the court-room, but inasmuch as it was their duty to bear in mind precisely the same instructions, given while defendant was in the court-room, it is manifest no injury could have been done defendant by reason of that which occurred while he was absent.

The judgment is sufficient in form.

Judgment and order affirmed.

Ross, J., and McKEE, J., concurred.

Hearing in Bank denied.