[S. F. No. 4925.  In Bank.—December 9, 1907.]

## ALBERT RISSER, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SACRAMENTO et al., Respondents.

SPECIAL HOLIDAYS—SUPERIOR COURT MAY TRY FELONY CHARGE ON.— If the act of November 23, 1907, amending sections 10 and 135 of the Code of Civil Procedure, and authorizing the governor to declare special holidays is void, the effect would not be to make days so designated full general holidays. In that case the proclamation declaring them special holidays would be without effect, and such days would not be holidays at all. Whether, therefore, the act be valid or not, the superior court has jurisdiction on a day declared to be a special holiday to proceed with the trial of a charge of felony.

APPLICATION for a writ of prohibition directed to the Superior Court of Sacramento County. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Grove L. Johnson, A. L. Shinn, C. E. McLaughlin, C. O. Busick, and C. B. Harris, for Petitioner.

L. T. Hatfield, for Respondents.

THE COURT.—The petitioner, being under a charge of felony in the superior court of Sacramento County, his case was set down for trial on a day which has been declared a "special holiday" by the governor, under the laws enacted at the special session of the legislature lately convened, and approved November 23, 1907, amending sections 10 and 135 of the Code of Civil Procedure. He applies for a writ of prohibition to prevent the superior court from proceeding with the trial of his case on a special holiday. His theory is that the legislature cannot provide for the creation of a holiday other than a general and full holiday; that the provisions of the aforesaid statutes designating special holidays and declaring that the superior courts may act on special holidays in certain classes of cases, are void, and that the effect is that the days which are declared special holidays under that law are really general holidays, on which, as he contends, the court cannot be open.

If the law providing for special holidays is void, the effect would not be to make days so designated full general holidays. In that case the proclamation declaring them special holidays would be without authority of law and of no force. They would, in that event, be no holidays at all, and the superior court could proceed. In any case, therefore, the trial would be lawful.

The application is denied.