[Crim. No. 1428. In Bank.—December 16, 1907.]

# In the Matter of JOHN B. SMITH on Habeas Corpus.

CRIMINAL LAW—HABEAS CORPUS—VOID JUDGMENT—DISCHARGE—BENCH-WARRANT.—A prisoner will not be discharged on habeas corpus merely because the judgment against him and the commitment are void, when it appears from the return to the writ that on the filing of the information charging him with the crime of which he was found guilty a bench-warrant was issued in the usual form under which he may be lawfully detained until it is superseded.

ID.—VOID JUDGMENT DOES NOT VACATE OTHER VALID PROCESS.—A void judgment under which a prisoner could not be held does not have the effect of vacating other valid process under which he could be held.

ID.—CONSTITUTIONAL LAW—DEBATES OF CONVENTION.—Courts do not resort to the debates of a constitutional convention in construing a provision of the constitution which is not in its terms ambiguous or uncertain. When such resort is had by the courts it is less for the purpose of learning the opinion of particular members upon points of verbal construction than for informing themselves historically of the evil which it was intended to guard against or the benefit to be secured.

ID.—HOLIDAYS—TRANSACTION OF LEGAL BUSINESS ON.—The provisions of section 5 of article VI of the constitution, that the superior courts " shall be always open (legal holidays and non-judicial days excepted), . . ." and that "Injunctions and writs of prohibition may be issued and served on legal holidays and non-judicial days," gives full authority to the legislature to allow or disallow the transaction of all or any class of judicial business upon legal holidays.

ID.—SUPERIOR COURTS—CANNOT PRONOUNCE SENTENCE ON HOLIDAY.—Under section 134 of the Code of Civil Procedure as amended March 19, 1907,—providing that "no court, other than the supreme court, must be open for the transaction of judicial business on any of the holidays mentioned in section 10, except for the following purposes: 1. To give, upon their request, instructions to juries when deliberating on their verdict; 2. To receive a verdict or discharge a jury; 3. For the exercise of the powers of a magistrate in a criminal action, or in a proceeding of a criminal nature. Injunctions and writs of prohibition may be issued and served on any day."—the superior courts cannot upon a legal holiday transact any judicial business outside of the constitutional and statutory exceptions, and a prisoner who has been convicted of a felony cannot then be sentenced. A judgment so pronounced is void.

ID.—RE-ARRAIGNMENT OF PRISONER.—Where a judgment of imprisonment is void for the reason that it was rendered on a legal holiday

the prisoner is subject to be again arraigned for judgment at any time when the court is competent to act.

APPLICATION for a writ of *habeas corpus* directed to the Sheriff of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Milton Newmark, Charles A. Strong, and John Cotter Quinlan, for Petitioner.

W. H. Langdon, District Attorney, and William Hoff Cook, Assistant District Attorney, for Respondent.

BEATTY, C. J.—The prisoner in whose behalf this proceeding was instituted having been convicted of the crime of burglary was arraigned for sentence on the twenty-ninth day of November last. He objected to the proceeding upon the ground that the governor having appointed that day a legal holiday, the court was without authority to perform any judicial act except those enumerated in section 134 of the Code of Civil Procedure. This objection was overruled and the judge pronounced sentence, upon which a commitment was issued to the sheriff requiring him to deliver the prisoner to the proper officers of the state prison at San Quentin. The contention is that said judgment and commitment are void, and that the prisoner must be discharged. It does not by any means follow that the prisoner must be discharged if the judgment and commitment are void, for it appears from the return to the writ that on the filing of the information charging him with the crime of which he was found guilty, a bench-warrant was issued in the usual form, under which he may be lawfully detained until it is superseded. The contention on the part of the prisoner that the sentence pronounced on November 29th is utterly void for the purpose of committing him to the state prison, but is nevertheless valid for the purpose of vacating the bench-warrant, and ending the felony case, is illogical in the last degree, and finds no support in the decisions which he cites. In *Ex parte Kelly*, for instance (65 Cal 154, [3 Pac. 673]), it was not a question involved, and of course was not decided either expressly or by implication, that a judge by pronouncing a void sentence thereby

deprives himself of the authority—otherwise unquestioned—
to proceed in disregard of his void act, to pronounce a valid
sentence. It was not decided there, or in any of the cases, that
a void act has any positive force in itself, or that a void judg-
ment under which a prisoner could not be held, would have
the effect of vacating other valid process under which he
could be held. The only point involved or decided was that
a judgment of imprisonment unauthorized in part was wholly
void, and could not be enforced as to the portion which the
court was competent to pronounce. Upon that point it was
overruled by the decision of this court in Bank (*In re Fil Ki,*
80 Cal. 201, [22 Pac. 146]), and in many cases since it has
been uniformly held that a judgment of imprisonment for
too long a time or including provisions not warranted by law
could be enforced to the full extent of the power of the court
to render it. The case of *Ex parte Bernert,* 62 Cal. 524, has
no more bearing on the point to which it is cited than *Ex parte
Kelly,* but that case, questioned in *Ex parte Soto,* 88 Cal. 626,
[26 Pac. 530], was finally overruled by the unanimous decision
of the whole court in *Ex parte Joseph Reed,* 143 Cal. 634, [101
Am. St. Rep. 138, 77 Pac. 660]. Without further reference
to the cases cited by counsel for petitioner it is sufficient to
say that there is no decision of this court which stands opposed
to the plain and common-sense proposition that if the sentence
pronounced by Judge Cook on the twenty-ninth day of Novem-
ber was void for the reason that he was forbidden by the
constitution or statute to perform that judicial act on that
day it is void for all purposes, and the prisoner is lawfully
held to-day, as he was held prior to that time, under the
bench-warrant issued on the filing of the information, and
subject to be again arraigned for judgment at any time when
the court is competent to act.

But the prisoner is entitled in this proceeding to have it
determined in what capacity and under what process he is
lawfully held—whether under the bench-warrant for arraign-
ment for sentence, or under the commitment to the peniten-
tiary, and this involves the construction of the constitutional
and statutory provisions in respect to holidays and non-
judicial days.

The only constitutional provisions requiring consideration
are contained in section 5 of article VI, and are as follows:—

a. "They [the superior courts] shall be always open (legal holidays and non-judicial days excepted). . . .

b. "Injunctions and writs of prohibition may be issued and served on legal holidays and non-judicial days."

The first of these clauses was considered, and the section construed in *People* v. *Soto,* 65 Cal. 621, [4 Pac. 664], where it was held that nothing was prohibited to the legislature except the establishing of terms of court, during which alone judicial business could be transacted—the result being that full liberty remained "to allow or disallow the transaction of all or any class of judicial business upon legal holidays."

It is here contended that this construction was erroneous and would not have obtained if the attention of our predecessors had been called to the debate which took place in the constitutional convention, when an amendment embodying the clause marked "b" was offered to the section as originally proposed—a debate which it is claimed shows that in the opinion of the members of the convention the first clause (a) standing alone, positively prohibited the transaction of any judicial business on a legal holiday. We are now asked, in deference to these supposed views of the framers of the constitution, to reopen the question and set aside a decision which has been followed for nearly a quarter of a century. The reasons are very abundant for declining to do so. In the first place, the construction given to the section in *People* v. *Soto* is in evident accordance with its terms, and courts do not resort to the debates of a constitutional convention in construing a provision which is not, in its terms, ambiguous or uncertain. And, besides, when such resort is had to the debates it is less for the purpose of learning the opinion of particular members upon points of verbal construction, than for informing ourselves historically of the evil which it was intended to guard against, or the benefit to be secured. Upon these points the debates in and outside of the convention furnish us abundant information. The main object in view was not to hamper the courts by suspending their powers on holidays and during vacations, but to prohibit the legislature from imposing such limitations in all but the excepted cases (legal holidays and non-judicial days). On these days the legislature was by the first clause left at liberty to authorize or forbid the transaction of any or all judicial business, and the

only effect of the amendment proposed and adopted (clause b) was further to restrict that liberty by prohibiting any law disabling the superior courts to issue and cause the service of writs of injunction and prohibition. Outside of these limitations the legislative power was left unrestrained. Moreover, there is nothing in the language of the two members of the convention whose language is quoted in this connection which necessarily implies that they were actuated in moving and supporting the amendment by any desire except to guard against a legislative enactment forbidding all judicial business on legal holidays. It is to be remembered, also, that *People* v. *Soto* was decided in September, 1884, nearly five years after the legislature had amended section 134 of the Code of Civil Procedure to conform to their understanding of this provision of the then recently adopted constitution. The court, therefore, did but follow the contemporaneous construction by the legislature of a provision, the object and purpose of which was certainly familiar to the professional members of the senate and assembly. In view of the long and universal acquiescence which this contemporaneous legislative construction has commanded, we should not feel warranted, even if the question were new, in searching the debates of the convention for a construction of the constitution not required by its terms, and inconsistent with legislation hitherto unquestioned.

Nothing, therefore, remains to be considered but the proper construction of section 134 of the Code of Civil Procedure as amended March 19, 1907 (Stats. 1907, p. 681). It reads as follows:—

"No court, other than the supreme court, must be open for the transaction of judicial business on any of the holidays mentioned in section 10, except for the following purposes:

"1. To give, upon their request, instructions to juries when deliberating on their verdict;

"2. To receive a verdict or discharge a jury;

"3. For the exercise of the powers of a magistrate in a criminal action, or in a proceeding of a criminal nature.

"Injunctions and writs of prohibition may be issued and served on any day."

Among the holidays mentioned in section 10 is any day appointed by the governor for a holiday and the twenty-ninth day of November was so appointed. The judge of the superior

court, in overruling the objection of the prisoner to the passing of sentence on that day, based his construction of the section upon the fact that by the last amendment the word "must" in the first line had been substituted for the word "shall," as it had previously read. He concluded that the legislature would not have changed the word unless the intention had been to change the meaning, and that since the word *shall* had the effect of forbidding the court to open or transact ordinary business on legal holidays, the substitution of the word *must* was intended to relax that prohibition, so that, although the court could not be compelled to open on a holiday, it might nevertheless be opened if in the discretion of the judge it was deemed necessary that its ordinary business should proceed without interruption.

There is much force in this reasoning, and the rule of construction upon which it is based is unquestioned, but it is not of compelling force in all cases, and we think another explanation will better account for the general revision of the section as re-enacted by the last previous amendment (Stats. 1897, p. 15). At that time it was made to read as follows:—

"No court shall be open, nor shall any judicial business be transacted, on Sunday, on the first day of January, on the 22d day of February, on the 30th day of May, on the 4th day of July, on the 9th day of September, on the first Monday of September, on the 25th day of December, on a day upon which an election is held throughout this state, or by the governor of this state for a public fast, thanksgiving, or holiday, except for the following purposes:

"1. To give, upon their request, instructions to a jury when deliberating on their verdict.

"2. To receive a verdict or discharge a jury.

"3. For the exercise of the powers of a magistrate in a criminal action, or in a proceeding of a criminal nature.

"*Provided,* that the supreme court and the superior courts shall always he open for the transaction of business; *and provided further,* that injunctions and writs of prohibition may be issued and served on any day."

The imperfections and self-contradictions of this amendment were so glaring as to call loudly for a thorough revision, and where so much was to be changed it is not surprising that a word here and there should have been changed without

intending to change the sense.  On the other hand, we think it highly improbable that the legislature, if actuated by the deliberate intention of making so radical a change in the powers and practice of the superior courts as is involved in the construction in question, would have left that intention to be gathered from language of such dubious import, when it could have been made plain and unmistakable by the addition of half a dozen words.  We think it a safer construction to hold that the section still means what it has meant from the beginning—i. e. that the superior courts cannot, upon a legal holiday, transact any judicial business outside of the constitutional and statutory exceptions.  In further support of this view it may be added that our construction is in harmony with and gives effect to sections 133 and 135 of the Code of Civil Procedure (which must be considered in connection with section 134), while the construction of the superior court·renders them superfluous and unmeaning.  They read as follows:—

"Sec. 133.  Courts of justice may be held and judicial business transacted on any day except as provided in the next section."

"Sec. 135.  If any day mentioned in the last section happens to be the day appointed for the holding or sitting of a court, or to which it is adjourned, it shall be deemed appointed for or adjourned to the next day."

At the hearing, Mr. tum Suden, as a friend of the court, suggested the question whether the legislature can delegate to the governor the power to appoint a legal holiday.  We have not felt at liberty to decide or discuss a question of such serious import when it has not been presented or discussed by any party to the proceeding.  For the purpose of this decision we assume that the governor has the power to make the appointment, and our conclusion is that the judgment of the superior court is void.

The prisoner is remanded to the custody of the sheriff to await the further action of the superior court upon the verdict of the jury.

Angellotti, J., Lorigan, J., Shaw, J., and McFarland, J., concurred.