[S. F. No. 4929.   In Bank.—May 15, 1908.]

## M. H. DIEPENBROCK, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SACRAMENTO, Respondent.

LEGAL HOLIDAYS—CONSTITUTIONAL LAW—TRANSACTION OF JUDICIAL BUSINESS.—Section 5 of article VI of the constitution, declaring that the superior courts of the state "shall be always open (legal holidays and non-judicial days excepted)," but "injunctions and writs of prohibition may be issued and served on legal holidays and non-judicial days,"—authorizes the legislature to allow or disallow the transaction of all or any class of judicial business upon legal holidays, by an act not in itself obnoxious to other restrictions of the constitution.

ID.—SPECIAL HOLIDAYS—AMENDMENT OF 1907 TO SECTION 135 OF CODE OF CIVIL PROCEDURE UNCONSTITUTIONAL.—That portion of the amendment of section 135 of the Code of Civil Procedure, enacted at the special session of the legislature on November 23, 1907, and providing that on all "special holidays" declared by the governor of the state, the courts shall be open for the transaction of all judicial business "except the trial of an action or the rendition of a judgment based upon a contract, expressed or implied, for the direct payment of money," is unconstitutional in that it confers a special privilege upon a class; not founded upon any constitutional, rational, or legal distinction.   The exception is so integral a portion of the statute as to render the entire amendment void.

APPLICATION for a Writ of Prohibition directed to the Superior Court of Sacramento County.   Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

R. Platnauer, and Grove L. Johnson, for Petitioner.

L. T. Hatfield, V. L. Hatfield, and W. H. Hatfield, *Amici Curiæ,* for Petitioner.

Cushing, Grant & Cushing, *Amici Curiæ,* on petition for rehearing.

C. E. McLaughlin, A. L. Shinn, C. B. Harris, and C. O. Busick, for Respondent.

HENSHAW, J.—This is an application for a writ of prohibition, the purpose of which is to have determined the validity of section 135 of the Code of Civil Procedure as amended on November 27, 1907 (Stats. 1907, p. 681).

Section 5 of Article VI, of the constitution declares that the superior courts of this state "shall be always open (legal holidays and non-judicial days excepted)" but "injunctions and writs of prohibition may be issued and served on legal holidays and non-judicial days."

Holidays were defined by the codes and were declared, besides certain enumerated days, to be "every day appointed by the president of the United States or by the governor of this state for a public fast, thanksgiving or holiday."

It was then declared by section 133 of the Code of Civil Procedure, that courts of justice may be held and judicial business transacted on any day excepting as provided in the next section. Section 134 of the Code of Civil Procedure, then provided as follows:—

"No court, other than the supreme court, must be open for the transaction of judicial business on any of the holidays mentioned in section ten, except for the following purposes:

"1. To give, upon their request, instructions to jury when deliberating on their verdict;

"2. To receive a verdict or discharge a jury;

"3. For the exercise of the powers of a magistrate in a criminal action, or in a proceeding of a criminal nature.

"Injunctions and writs of prohibition may be issued and served on any day."

It will be noted that the language above quoted empowers the courts on holidays to transact business other than that designated by the constitution. But, to the objection that the constitution prohibited all business in the superior court on a legal holiday or non-judicial day, except the issuance of injunctions and writs of prohibition, this court long since answered that the constitution did not contemplate such a

result, but "leaves the legislature at liberty to allow or disallow the transaction of all or any class of judicial business upon legal holidays." (*People* v. *Soto,* 65 Cal. 621, [4 Pac. 664]; *Ex parte Smith,* 152 Cal. 566, [93 Pac. 191].)

Such was the condition of the law when the legislature was called together in extraordinary session in the autumn of 1907. The legislature was convened principally for the purpose of devising some measure of relief from the effects of the financial panic which the state was then undergoing. A year and a half previously, in the spring of 1906, following the San Francisco disaster, it had seemed necessary to the governor to declare holidays until such time as affairs again resumed something of their normal condition. Necessary and beneficial upon the whole, it was universally recognized that the state at large suffered no little inconvenience from the interruption to judicial business enforced under the law by the declaration of these holidays. Again, in the autumn of 1907, owing to the financial crisis through which the state was passing, it had been deemed necessary by the governor to declare a series of holidays. And, again, as against the compensating good, it was recognized that hardship resulted from the general suspension of the judicial business of the superior courts. It was under these circumstances that the legislature undertook the commendable task of preserving the benefits and advantages of such holidays, while minimizing their evils. To accomplish this result, it amended section 10 of the Code of Civil Procedure relating to holidays, adding to the language of section 10 above quoted, that holidays, besides those enumerated in the section as it originally stood, should be "such days as the governor may declare as special holidays." Then proceeding with the consideration of these special holidays, the section declared, "that the governor of the state may declare special holidays, and he may in one proclamation designate one or any number of consecutive days as special holidays, and during any such special holidays no public duty shall be suspended or prohibited except such as affect the administration of justice in the courts of this state as prescribed by section 135 of this code for the control of such courts." Section 135 of the Code of Civil Procedure was then amended by adding to it this new matter: "On all special holidays the courts of this state shall be open for

the transaction of any and all judicial business except the trial of an action or the rendition of a judgment based upon a contract, expressed or implied, for the direct payment of money."

In the briefs of counsel much consideration is paid to the question as to whether or not it is within the power of the legislature, by calling a holiday a "special" holiday, to clothe it with characteristics, privileges, and immunities which do not pertain to a "general" holiday. It is argued that to permit this is to permit an evasion of the constitution which speaks of holidays, and which, so speaking, must mean all holidays, special as well as general; that the essential distinction, and the only essential distinction, which can exist between a special holiday and a general holiday, is found in the nature of their creation, but that when once created both stand upon the same plane, with equal footing. A general holiday, it is thus said, is a day set apart and declared to be such by the legislature itself, notice being carried to all the world by the statute that such particular day has been set apart for rest, recreation, fasting, thanksgiving, public rejoicing, public mourning, or any of the other legitimate purposes for which such a day may be decreed; upon the other hand, that a special holiday is special only in the sense that it is not a recurring anniversary, but is created from time to time by the declaration of the chief executive when occasion seems to call for it. But we need not here determine this question upon the broad lines of its presentation, for we think that conceding that the legislature has the power to make a distinction in some of their attributes and characteristics between a general holiday and that which they have designated a special holiday, nevertheless the particular difference, distinction, and limitation which they have here made, affecting the courts of justice and the administration of justice, is special legislation which cannot be upheld. When this court in *People* v. *Soto*, 65 Cal. 621, [4 Pac. 664], declared that the legislature was at liberty to allow or disallow the transaction of all or any class of judicial business upon legal holidays, it meant no more, and could have meant no more, than that the legislature could authorize the transaction of any class of business which was not in itself obnoxious to the dictates of the constitution. Up to that time the exceptions as to writs

of prohibition and injunctions, while special in their nature,. were classes designated by the constitution itself, and there- fore not to be questioned. In all other respects the purposes enumerated in section 134 of the Code of Civil Procedure, for which judicial business could be transacted upon a holiday, were purposes which, while falling into classes, fell into classes. carrying, from the very reading of their designation, the rea- son for their existence and the generality and uniformity of their operations. To give instructions to a jury when delib- erating on their verdict, meant instructions to any jury so deliberating, to facilitate their deliberations and bring their labors to a close. To receive a verdict or discharge a. jury was to receive the verdict of and discharge any jury,. that the members composing it might not be unnecessarily and unduly restrained and confined. To exercise the powers of a magistrate in a criminal action or proceeding of a crimi- nal nature, are general provisions tending to the speedy ad- ministration of the criminal laws in the interest of the com- monwealth.

But, for the first time, by the amendment of section 135. is the effort made to designate one class of litigants, and to. say to them, "While the courts of this state are open to all other suitors, their doors are closed to you." It matters not. whether the legislature should attempt to do this directly by virtue of its own statutory enactment, or indirectly by empowering the chief executive to accomplish the same result. through the medium of special holidays. If the legislature could not do this directly, it certainly could not accomplish the same result by indirection, and the proposition thus stated is: Can the legislature say that the courts of justice, for thirty days or sixty days or for any. other period of time, while open to every other litigant in every kind and class of litigation, shall be closed to him who seeks the collection of money due upon a contract, or to him who seeks to recover damages for tort, or to him who seeks equitable as distin- guished from legal relief, or, indeed, to any class as distin-. guished from another? Assuredly it will not be said that. this may be done, unless there be some valid, legal reason for the class distinction and for the putting of the class so. distinguished under this prohibitory ban. As to the exception under consideration it is, of course, apparent, recognized, and.

admitted that the law was designed to protect the debtor class in times of great financial stringency. But can such extraordinary privilege to a debtor be justified under our law? It is to be noted that in thus favoring the debtor from the legal enforcement of his creditor's demand, read from the other and equally important point of view, it is a denial to the creditor of the right to enforce such demand. It cannot be a favor to one class without inflicting a corresponding injury upon the rights of another. The creditor of one man is frequently the debtor of another. In the multiplicity of the transactions of modern business, the creditor of a debtor residing in San Francisco may himself be the debtor of a resident of New York. Unable to enforce his collections from the local debtor, he stands liable to business disaster at the hands of his New York creditor. The class thus created by law is not a class owing its existence to any constitutional, rational, legal distinctions, which alone justify such classification, but the reason for its creation is personal as distinguished from governmental, and the plain object of the law is unduly to favor the debtor to the hardship of the creditor in times of financial stringency. Commendable as was the motive which prompted such legislation, it cannot be upheld.

We have stated that it is unnecessary to determine whether or not the legislature has the power to make a distinction in characteristics between a legal holiday and a special holiday, but we are brought to the question as to whether this determination which forbids closing the courts to the trial of an action based on contract for the direct payment of money does or does not render the whole amendment void. In other words, is the exception so integral a part of the statute as to lead to the conclusion that if the legislature had known it was void, it would not have enacted the amendment, or is it to be concluded that the exception may fall and the amendment stand, to the effect that the legislature has declared that upon special holidays the courts of the state shall be open for the transaction of any and all judicial business? Clearly the first view must obtain. The purpose of the enactment was to allow the judicial business of the state to proceed in all matters saving one. In deciding that that one may not be excluded, if it should be held that the section may still stand, is to declare that the legislature had enacted that on

all special holidays the courts of this state shall be open for the transaction of any and all judicial business without exception, an interpretation of a statute. which it did not enact, and which is in irreconcilable variance with the result which it attempted to accomplish.

For which reasons it is held that the amendment to section 135 of the Code of Civil Procedure, approved November 23, 1907, is void.

In conclusion, then, we repeat, that it is not decided that the legislature may not make certain distinctions between general holidays and special holidays, but the distinction which here they sought to make being abortive and void, the law for the creation of special holidays itself fails. By this failure the days designated as special holidays were not transformed into general holidays and were not holidays at all, with the result that they became judicial days, upon which the functions of the courts of the state were in no respect suspended. (*Risser* v. *Superior Court,* 152 Cal. 531, [93 Pac. 85].)

It follows from the foregoing that petitioner is not entitled to his writ of prohibition, and his application therefor is denied.

Angellotti, J., Sloss, J., Lorigan, J., and Beatty, C. J., concurred.

Rehearing denied.