[Crim. No. 2833. In Bank.—February 24, 1926.]

## In the Matter of the Petition of PAUL DAL PORTE for Writ of Habeas Corpus.

[1] COURTS—HOLIDAYS—SATURDAY AFTERNOON. — Saturday afternoon is a nonjudicial day and the courts, except the supreme court, are prohibited from transacting during said period any judicial business other than that excepted by section 134 of the Code of Civil Procedure.

[2] ID.—POLICE COURTS—VOID JUDGMENT—HABEAS CORPUS.—A judgment pronounced against a defendant in a police court on Saturday afternoon is void and his imprisonment thereunder is illegal; but, on *habeas corpus*, he is not entitled to be discharged absolutely from custody where his petition shows that a complaint was filed against him in said police court, that under said complaint a warrant was issued, under and by virtue of which he was placed under arrest and held pending trial, and that those proceedings are still pending against him.

[3] ID.—JURISDICTION — PLEADING — SEPARATE COUNTS — VOID JUDGMENT.—Where the complaint filed in a police court is in two counts, one charging an offense within the jurisdiction of said court and the other beyond its jurisdiction, a judgment pronounced upon a general verdict which in effect finds the defendant guilty upon each count, is erroneous and will be reversed, notwithstanding one count of the complaint is good; but the fact that the offense charged in one of the counts is one over which

---

1. Validity of court business transacted on legal holiday, note, 10 L. R. A. (N. S.) 791. See, also, 23 Cal. Jur. 972; 25 R. C. L. 1444.

2. See 13 Cal. Jur. 281; 12 R. C. L. 1252.

3. See 8 Cal. Jur. 474.

the police court does not have jurisdiction is not sufficient to
oust that court of jurisdiction of the offense charged over which
it has full and complete jurisdiction.

(1) 29 C. J., p. 766, n. 71.   (2) 29 C. J., p. 52, n. 27.   (3) 16
C. J., p. 182, n. 82.

APPLICATION for a Writ of Habeas Corpus to secure
the release of petitioner from custody after conviction and
sentence on a holiday.   Application denied and petitioner
remanded.

The facts are stated in the opinion of the court.

George W. Smith and Ralph H. Smith for Petitioner.

Sanford G. Smith, District Attorney, and David G. Clark,
Deputy District Attorney, for Respondent.

CURTIS, J.—Petition for writ of *habeas corpus*.   Petitioner
was tried, convicted, and sentence pronounced upon him on
Saturday afternoon in the police court of the city of Santa
Cruz, and was sentenced to pay a fine of $500 and in default
thereof to be imprisoned not exceeding 250 days.   The fine
was not paid, and at the date of the filing of the petition
the petitioner was imprisoned under said judgment in the
county jail in the county of Santa Cruz.

Petitioner claims that his imprisonment was illegal for
the reason that the court had no jurisdiction to try and pro-
nounce judgment against him on Saturday afternoon, a legal
holiday.

Section 134 of the Code of Civil Procedure provides: "No
court, other than the supreme court, must be open for the
transaction of judicial business on any of the holidays men-
tioned in section ten, except for the following purposes."
(Then follows an enumeration of certain acts which may be
legally performed on a holiday, but the trial of an action
and the pronouncement of judgment against a defendant
convicted of a crime are not included among them.)   Sec-
tion 10, mentioned in said section 134 of the Code of Civil
Procedure, obviously refers to section 10 of the Code of
Civil Procedure, which was amended in 1925 to read as

follows: "Holidays within the meaning of this Code are every Sunday and such other days as are specified or provided for as holidays in the Political Code of the State of California." (Stats. 1925, p. 225, sec. 1.) Prior to this last amendment to the section, section 10 of the Code of Civil Procedure was substantially the same as section 10 of the Political Code, which provides (after designating Sundays and certain other days as holidays) that: "Every Saturday from twelve o'clock noon until twelve o'clock midnight is a holiday as regards the transaction of business in the public offices of this state, and also in political divisions thereof where laws, ordinances or charters provide that public offices shall be closed on holidays."

There has been more or less uncertainty as to the legality of certain judicial business transacted on Saturday afternoon ever since the amendment of the code making Saturday afternoon a holiday for certain purposes. In *People* v. *Heacock,* 10 Cal. App. 450 [102 Pac. 543], the court had under consideration the validity of a judgment of conviction in an action where the trial was concluded during Saturday afternoon. The judgment was reversed upon other grounds, but the court, after reviewing the authorities bearing upon the question of the legality of certain acts performed on Saturday afternoon, declined to decide the point, but made the following observation: "But under the present state of legislation we venture to suggest to trial courts that it would be safer to treat Saturday afternoon as a legal holiday until the question has been determined." In *People* v. *Maljan,* 34 Cal. App. 384, 388 [167 Pac. 547], it was held that if it were error for the court to proceed with the trial on Saturday afternoon that the defendant in that action could not complain of such error, for the reason that his attorney had in open court waived the right to object to the trial proceeding on said afternoon. In a later case it was held that "Saturday afternoon has been made a nonjudicial period by the code. (Code Civ. Proc., secs. 10, 133, 134.)" (*McGrath* v. *Langford,* 35 Cal. App. 215, 217 [169 Pac. 424].) California Jurisprudence, volume 23, page 776, treats the subject as follows: "At one time there was some question as to whether Saturday afternoon was a legal holiday for the transaction of business in trial courts, but with certain

changes made in the code provisions pertaining to the subject, such a holiday is now recognized as a nonjudicial period."

[1] From the foregoing authorities we think it must be held to be definitely settled in this state that Saturday afternoon is a nonjudicial day and that the courts, except the supreme court, are prohibited from transacting during said period any judicial business other than that excepted by the code sections above referred to.

[2] *In the Matter of Smith,* 152 Cal. 566 [93 Pac. 191], it was held that a judgment pronounced against defendant in a criminal action on a legal holiday was void. It follows, therefore, that the judgment under which petitioner is now being held is void and his imprisonment thereunder is illegal. This does not mean, however, that the petitioner is entitled to be discharged absolutely from custody. The petition herein shows that the complaint was filed against petitioner in said police court and that under said complaint a warrant of arrest was issued, under and by virtue of which petitioner was placed under arrest and held pending said trial. These proceedings are still pending against petitioner. The mere fact that the police court had no jurisdiction to try petitioner on a holiday and for that reason all such proceedings, including the judgment rendered against petitioner were void, does not in any manner vitiate the complaint filed therein against him or the process issued thereunder. (*In the Matter of Smith, supra.*) He is still subject to be tried on any valid charge made against him in said complaint. *In the Matter of Smith, supra,* the judgment was pronounced on a holiday and therefore held to be void. The court, however refused to discharge the prisoner from custody, but remanded him to the custody of the sheriff to await further action of the superior court. The course adopted by the court in that proceeding is, in our opinion, the correct one to follow in the present one.

[3] A further contention is made by petitioner that the judgment is void for the reason that the police court had no jurisdiction to try the petitioner upon the charge set forth in count one of the complaint filed against him in said court. It appears that the complaint contained two counts. In the first of these the petitioner was charged with the sale of intoxicating liquor and in the second with the possession of intoxicating liquor. There is no question but

that said court had no jurisdiction to try the petitioner for the offense charged in count one of said complaint, for the reason that the maximum punishment for the illegal sale of intoxicating liquor is over $500. It is therefore urged by petitioner that the judgment is absolutely void. It is conceded that the police court had jurisdiction over the offense charged in count two of said complaint. The docket in the police court shows that the trial was by the court without a jury and recites that "Defendant found guilty." This is equivalent to a general verdict of guilty upon each count of the complaint. Upon this finding by the court judgment was pronounced. It has frequently been held in this state that the judgment based upon a general verdict finding the defendant guilty under an indictment containing two counts, where it is sought to charge the defendant with two separate crimes, but where one count was radically defective, was erroneous, and would be reversed even though the other count of the indictment was perfectly good. (*People* v. *Turner*, 113 Cal. 278 [45 Pac. 331]; *People* v. *Garnett*, 129 Cal. 364 [61 Pac. 1114].) Accordingly, had petitioner herein appealed from said judgment the superior court of said county of Santa Cruz was authorized to correct, and no doubt would have corrected, the error of the police court and reversed the judgment. We are not prepared to say, however, that petitioner is entitled in this proceeding to any relief from said judgment on account of its being based upon a defective count of the complaint. As we have already seen, the charge set forth in the second count of said complaint was one within the jurisdiction of said police court, and the fact that the offense charged in the first count of said complaint was one over which said police court did not have jurisdiction would not be sufficient to oust the court of jurisdiction of the offense over which it had full and complete jurisdiction. (*State* v. *Silhoffer*, 48 Iowa, 283.) However, as we have already held that the judgment herein is void by reason of the trial having been held on Saturday afternoon, the question of whether or not said judgment is void for any other reason does not become important, but in the event there should be any further proceedings in the action before said police court, it is obvious that they should not be had under the complaint in its present form.

For the reasons hereinbefore stated the petition is denied

and petitioner is remanded to custody to await the further action of said police court under the complaint filed therein against him.

Waste, C. J., Shenk, J., Seawell, J., Lawlor, J., and Lennon, J., concurred.