[Crim. No. 1571. Second Appellate District, Division One.—November 19, 1927.]

In the Matter of the Application of LOUIS A. STEIGER for a Writ of Habeas Corpus.

Cooper & Collings for Petitioner.

No appearance for Respondent.

CONREY, P. J.—Petitioner is in jail pursuant to three sentences for violation of the ''unlawful possession'' provisions of the Wright Act, all within the city of Los Angeles. In each case the charge states and the conviction establishes two prior convictions of like offenses.

The statutory provisions involved are: Wright Act, Deering's General Laws, 1923 edition, page 1396.

Volstead Act, Barnes' Federal Code, 1919–24 Supplement, pages 848, 849, and 858.

First point: That the municipal court was without jurisdiction; that under section 335 of United States Penal Code (18 U. S. C. A. 541), the alleged offenses were felonies, because they were subject to imprisonment for a term exceeding one year.

We think that the character of the offense, considered as an offense against a state law, is governed by the Penal Code of the state and not by the Penal Code of the United States. Under section 17 of the Penal Code of California, the several offenses charged are misdemeanors. It is true that they are what are commonly called ''high-grade'' misdemeanors, but they are within the jurisdiction of the municipal court of the city of Los Angeles. (*In re Luna*, 201 Cal. 405 [257 Pac. 76]; *People* v. *Denault*, 81 Cal. App. 1 [253 Pac. 151].)

The second point is that the judgments are void because each of them was pronounced after 12 o'clock noon on a Saturday, which time is a legal holiday.

If the fact as to the hour of the sentence may be inquired into in this proceeding, as against the presumption of regularity on the face of the record, it would appear that this point is well taken. (*In re Dal Porte*, 198 Cal. 216 [244 Pac. 355].) At most, however, this would only require that the prisoner be remanded for sentence. But as the record shows sentences pronounced on the nineteenth day on March, 1927 (which was a Saturday), this presump-

tively was before noon, and we cannot go outside of that record for evidence to the contrary. (*In re Selowsky,* 189 Cal. 331 [208 Pac. 99].)

 The third point is that the sentences should run concurrently and that the court exceeded its jurisdiction in ordering that they be made consecutive. The cases cited are: *In re Cohen,* 198 Cal. 226 [244 Pac. 359], and *Ex parte Casey,* 163 Cal. 357 [116 Pac. 1104].

There is no merit in the point stated. So far as appears (and the petition so alleges), the convictions were of record in all of the cases before any sentence was pronounced. (*In re Mann,* 192 Cal. 393 [220 Pac. 305].) Besides, even if the point were well taken, it would not furnish ground for a writ of *habeas corpus* prior to expiration of the first period of sentence.

The petition is denied.

Houser, J., concurred.